15960

HOLLY HILL LUMBER CO., INC., v. McCOY
(43 S. E. (2d) 143)

See also 207 S. C. 428, 36 S. E. (2d) 140.

*Mr. M. W. Seabrook,* of Sumter, for Appellant, cites:

*Mr. T. B. Bryant, Jr.,* of Orangeburg, for Respondent, cites:

June 13, 1947.

PER CURIAM.

The question involved in this appeal is whether or not appellant is entitled to a bond for $1,666.67 (this being the amount of the dower interest), and interest, secured by a mortgage on the property. For a full understanding of this case, the three former decisions of this Court should

be read, which are reported respectively in 201 S. C. 427, 23 S. E. (2d) 372; 203 S. C. 59, 26 S. E. (2d) 175, 148 A. L. R. 285 and 205 S. C. 60, 30 S. E. (2d) 856.

In the third appeal, we find that exception No. 27 reads as follows: "His Honor, Judge Gaston, erred, it is respectfully submitted, in decreeing that if the defendant failed or refused to comply, and if the parties do not agree upon a plan to consummate and accomplish the aims of his decree, then plaintiff may pay $9,990.00 ($10.00 having already been paid) to the Clerk of Court, and that said Clerk shall forthwith deliver to plaintiff the deed heretofore deposited with him by Addison E. McCoy, and thereupon, fee-simple title to the premises shall vest in the plaintiff, and the inchoate right and claim of dower on the part of Sara S. McCoy in and to said premises shall be forever barred, and the Sheriff shall put the plaintiff in possession; which was error, because contrary to the evidence in the case, and the equities involved, and beyond the scope of the pleadings."

The $9,990.00 was paid to the Clerk of the Court by respondent, and the deed was in turn delivered by the Clerk to him. Appellant now seeks a bond for the amount of the dower secured by a mortgage on the property rather than the $1,666.67 which is on deposit with the Clerk of Court.

The above-quoted exception raised the same question as is attempted to be raised in this appeal. It was decided adversely to appellant by this Court in its opinion filed July 13, 1944, 205 S. C. 60, 30 S. E. (2d) 856, and from this decision there was no petition for a rehearing. The opinion, therefore, became the law of the case, and the question attempted to be raised is *res adjudicata.* This appeal is, therefore, dismissed.