20971

James M. BRADBURN, Respondent, v. COLONIAL STORES, INC., C. W. Rabon, John D. Stewart and B. R. Powell, of whom C. W. Rabon, John D. Stewart and B. R. Powell are Appellants.

(255 S. E. (2d) 453)

*James D. Jefferies,* Greenwood, *for appellants.*

*Marvin R. Watson* and *J. Kendall Few,* Greenwood, *for respondent.*

May 24, 1979.

GREGORY, Justice:

Respondent James M. Bradburn brought this action against Colonial Stores, Inc., and appellants C. W. Rabon, John D. Stewart, and B. R. Powell to recover actual and punitive damages for tortious interference with a contract of employment. The jury returned a verdict for respondent in the amount of twelve thousand ($12,000) dollars actual damages. We hold the lower court erred by refusing to grant appellants' motions for judgment *non obstante veredicto* and reverse.

Bradburn was formerly employed by Colonial Stores, Inc. as manager of a Big Star grocery store in Greenwood. Rabon was Bradburn's immediate superior. Stewart was the Division Employee Relations Manager for the Columbia division of Colonial Stores, Inc. and Powell was Rabon's immediate superior.

Bradburn's oral employment contract with Colonial Stores, Inc. was terminable at the will of either party. Rabon, Stewart and Powell each had the authority to discharge Bradburn.

Stewart and Powell terminated Bradburn's employment on September 29, 1975.

Bradburn commenced this action on February 16, 1976. The complaint alleges that Rabon, Stewart, Powell, and Co-

lonial Stores, Inc. conspired to and did tortiously interfere with Bradburn's employment contract with Colonial Stores, Inc.

Appellants' motions for a nonsuit and a directed verdict were denied and the case was submitted to the jury. After a verdict was returned in favor of Bradburn, each of the defendants moved for judgment *non obstante veredicto*. The lower court granted judgment *non obstante veredicto* only for Colonial Stores, Inc.

Appellants appeal from the lower court's refusal of their motions for judgment *non obstante veredicto*. No appeal was taken by Bradburn from the order of the lower court granting judgment *non obstante veredicto* for Colonial Stores, Inc.

The question before this Court on appeal from the denial of the motions of the individual defendants for judgment *non obstante veredicto,* is whether there was any evidence that warranted submitting the case to the jury. *Woodward v. Todd,* 270 S. C. 82, 240 S. E. (2d) 641 (1978).

Although an action will lie for maliciously inducing the breach of an employment contract, the inducement will not be actionable unless it is unjustified. *Keels v. Powell,* 207 S. C. 97, 34 S. E. (2d) 482 (1945); *Chitwood v. McMillan,* 189 S. C. 262, 1 S. E. (2d) 162 (1939).

It is generally recognized that when a contract is breached by a corporation as the result of the inducement of an officer or agent of the corporation acting on behalf of the corporation and within the scope of his employment, the inducement is privileged and is not actionable. *Wilson v. McClenny,* 262 N. C. 121, 136 S. E. (2d) 569 (1964); *Kiyose v. Trustees of Indiana University,* 333 N. E. (2d) 886 (Ind. 1975); *May v. Santa Fe Trail Transpor-*

*tation Company,* 189 Kans. 419, 370 P. (2d) 390 (1962); 45 Am. Jur. (2d) *Interference* § 54; 26 A. L. R. (2d) 1227.

Bradburn's complaint names the individual defendants as agents, servants and employees of Colonial Stores, Inc. The complaint alleges that the individual defendants acted at all times in their capacities as agents, servants and employees of Colonial Stores, Inc. There is no allegation that any of the individual defendants acted outside his corporate capacity.

The testimony and other evidence introduced at trial by Bradburn was wholly consistent with the allegations of his complaint. Thus, no evidence was introduced from which a jury could have determined that any of the individual defendants acted outside his corporate capacity in inducing Colonial Stores, Inc. to break its employment contract with Bradburn.

Since the evidence was only susceptible of the inference that all the actions of the individual defendants were within their corporate capacities and therefore were privileged, there was no evidence that warranted submitting the case to the jury. Appellants were entitled to judgment as a matter of law, and the lower court erred by denying their motions for judgment *non obstante veredicto.*

Accordingly, the judgment of the lower court is reversed and the case remanded for entry of judgment in favor of appellants.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.