## 21368

Ben T. DeBERRY, Respondent, v. Claude E. McCAIN, Robert E. McNair and John G. Richards, V, Defendants, of whom Claude E. McCain and John G. Richards, V, are Appellants.

(274 S. E. (2d) 293)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Victor S. Evans, Asst. Atty. Gen. Judith Evans Finuf* and *Thomas E. McCutchen,* Columbia, *for appellants.*

*Ben T. DeBerry,* Columbia, *pro se.*

January 12, 1981.

LITTLEJOHN, Justice:

Plaintiff-respondent Ben T. DeBerry (who is an attorney) brought this action against Claude E. McCain (who serves as Chairman and a member of the South Carolina Insurance Commission), John G. Richards, V, (who serves as Deputy South Carolina Insurance Commissioner), and Robert E. McNair, a practicing attorney, for alleged tortious interference with plaintiff's attorney-client and contractual relationship with the South Carolina Department of Insurance and the Chief Insurance Commissioner.

The circuit judge ruled on (1) motions to strike from the complaint, (2) motion to make more definite and certain, and (3) a demurrer. Before us for consideration we have only the appeals of McCain and Richards. Although the appeal involves each of the judge's three rulings, our disposition of the demurrer issue makes all other questions moot. We hold that the demurrer, which was overruled, should have been sustained.

According to the allegations of the complaint, plaintiff was employed by the Chief Insurance Commissioner of South Carolina as attorney ". . . to provide the Chief Insur-

ance Commissioner of South Carolina with legal advice and assistance, including commencement, management, and supervision of insolvency proceedings against insurers doing business in South Carolina." The Commissioner, pursuant to statutory authority, directed him to draft appropriate legal documents for presentation to the circuit court seeking a receiver for Alantic and Gulf States Insurance Company. Such documents were prepared by plaintiff and, on June 14, 1979, were presented to the circuit judge, who issued an *ex parte* order, temporarily restraining the insurance company in certain regards and setting a hearing for June 25, 1979. The Commissioner, in his official capacity, was plaintiff, and the insurance company was defendant. It is alleged that between June 14 and June 25, defendants McCain, Richards, and McNair, acting in concert, did interfere wrongfully, willfully, wantonly, maliciously, and without justification, with the attorney-client relationship existing between the plaintiff and the Commissioner who employed him; that as a result the Commissioner, without plaintiff's knowledge or consent, negotiated a settlement of the matter.

The complaint further alleged that as a proximate result of the actions of McCain, Richards and McNair, ". . . the plaintiff's employment as attorney for the Chief Insurance Commissioner of South Carolina and as General Counsel for the South Carolina Department of Insurance terminated on September 17, 1979, *after notice to the Chief Insurance Commissioner* on August 9, 1979." (Emphasis added) The damages alleged to have been sustained are the loss of annual salary, loss of fringe benefits, embarrassment, and injuries to professional reputation.

The demurrer of McCain and Richards submits, among other contentions, that the complaint does not state facts sufficient to constitute a cause of action against them. The circuit judge was of the opinion that a cause of action was stated. Our consideration of the issues here on appeal makes

necessary a review of relevant statutes concerning the Insurance Department.

Section 38-3-10, *Code of Laws of South Carolina* (1976), establishes the Department of Insurance ". . . under the control and administration of an Insurance Commission."

Section 38-3-80 provides that the Commission shall appoint as its chief officer a Chief Insurance Commissioner. He is selected ". . . with special reference to his training, capacity and experience."

Section 38-3-60(3) provides that:

"The Commission shall counsel and advise with the Chief Insurance Commissioner . . . on any and all phases of the operations and functions of the Department, shall make recommendations to the General Assembly as to the insurance laws of the State and shall specifically be charged with the selection of a Chief Insurance Commissioner."

Section 38-3-110 provides:

"The Commissioner shall appoint or employ and may remove at his will or pleasure, without assigning any cause, such other actuaries, examiners, clerks and other employees as may be found necessary for the proper execution of the work of the Commission."

Section 38-5-1510, *et seq.,* provide for the liquidation, rehabilitation, reorganization and conservation of insolvent insurance companies.

Section 38-5-1560 provides that when a domestic insurance company is in danger of insolvency, the Commissioner may apply to the circuit court for an order directing the company to show cause why a receiver should not be appointed for the company. It further provides that when a receiver is proper, the Commissioner shall serve in that capacity and proceed with rehabilitation or liquidation.

It is apparent that both the plaintiff and Deputy Commissioner Richards were employed pursuant to § 38-3-110, and

that either may be removed ". . . at his [Commissioner's] will or pleasure, without assigning any cause . . . ." The attorney-client relationship of the plaintiff and the Commissioner does not involve the usual attorney-client contract. We take judicial notice of the fact that the plaintiff serves for a salary paid by the State of South Carolina and not for a fee for handling a particular legal matter, as is the more usual case. The Commissioner is the employer and principal, and the plaintiff, as attorney, is the employee and agent. The normal attorney/client relationship is established and controlled by contract, and the parties are at liberty to stipulate the terms of the agreement. The relationship of the parties involved in this appeal is largely controlled by specific statutory provisions.

Plaintiff's complaint, analyzed as a whole, contends that his client, the Commissioner, intervened in and negotiated a settlement to a law suit which the plaintiff had instigated for the Commissioner. At any time between the procurement of the *ex parte* order on June 14 and the hearing date of June 25, the Commissioner was lawfully entitled to (1) instruct his lawyer to proceed with the hearing, or (2) direct his lawyer to withdraw the action altogether, or (3) enter into a negotiation for a compromise settlement. While the third alternate may have been disagreeable to counsel, it was a valid option to the Commissioner. We are not concerned with whether the option was or was not exercised wisely. The Commissioner had the right to confer with both the Chairman of his Commission and with his Deputy Commissioner, and while it might have been preferable to permit the plaintiff, as attorney, to handle the negotiations, failure to do so was not the equivalent of discharging his attorney.

It is interesting to note that the complaint does not allege that the Commissioner discharged the plaintiff. It is clearly inferable that the attorney, himself, gave notice to the Com-

missioner on August 9 and terminated his own employment on September 17.

An action for wrongful interference with an attorney-client relationship has been recognized in this state. *Keels v. Powell*, 207 S. C. 97, 34 S. E. (2d) 482 (1945). The court's ruling there is not determinative here because of the difference in the attorney-client arrangement. The principles generally applicable to actions dealing with interference with contractual relations are disccussed in 45 Am. Jur. (2d) *Interference* § 39. In none of our cases heretofore have we specifically spelled out the elements required to establish such a claim. These elements are referred to in § 39, and meet with our approval:

(1) the contract;
(2) the wrongdoer's knowledge thereof;
(3) his intentional procurement of its breach;
(4) the absence of justification; and
(5) damages resulting therefrom.

If the complaint lacks any one of these elements, the demurrer must be sustained.

A demurrer should be granted where the pleadings, construed in the light most favorable to the nonmoving party, fail to allege sufficient facts to state a cause of action. *Haskel Co. v. Morgam,* S. C., 262 S. E. (2d) 737 (1980). It is for the court to determine what inferences, if any, can be justifiably drawn from the pleading. In *Red Oak Lands, Inc. v. Lane,* 268 S. C. 631, 235 S. E. (2d) 718 (1977), we said:

"A demurrer admits the facts well-pleaded in the complaint but does not admit the inferences drawn by the plaintiff from such facts. In short, a demurrer to a complaint does not admit conclusions of law pleaded therein."

The complaint here contains no independent allegations of any acts or omissions by McCain or Richards warranting the inference that they intentionally

procured plaintiff's discharge or that they were not justified in their actions. Both of them had a right, if not a duty, to confer with the Commissioner. Plaintiff nowhere alleges that the Commissioner had given him the exclusive right to control the litigation. There is involved, at most, a disagreement between plaintiff, and his own client, the Commissioner, concerning the better method of handling a financially-troubled insurance company. The legal conclusion drawn by plaintiff that McCain and Richards are liable is not supported by any well-pleaded allegations in the complaint; therefore, we grant the demurrer.

The demurrer is sustained as to defendants McCain and Richards. The action as against defendant McNair is not before the court.

Reversed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.