## 22397

John Wendell TODD, Petitioner, v. SOUTH CAROLINA FARM BUREAU
MUTUAL INSURANCE COMPANY, Southern Farm Bureau Casualty
Insurance Company, Southern Farm Bureau Life Insurance Company,
and Equifax Services, Inc., Defendants, of whom Equifax Services, Inc.
is Respondent.

(336 S. E. (2d) 472)

Supreme Court

*Kaye Gorenflo Hearn* of *Stevens, Stevens, Thomas, Hearn & Hearn,* Loris; and *Terry E. Richardson, Jr.,* of *Blatt & Fales,* Barnwell, *for petitioner.*

*E. Ellison Walker,* Columbia, *for respondent.*

*Harold W. Jacobs* and *James W. Orr, Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for S. C. Farm Bureau Mut. Ins. Co.*

*J. Dwight Hudson, John B. McCutcheon, Jr.,* Conway, *for Southern Farm Bureau Cas. Ins. Co.*

*Debora Faulkner,* Columbia, *for S. C. Legal Services Association; Herbert E. Buhl, III,* Columbia, for *S. C. Brown Lung Association; Stephen J. Henry,* Greenville, *for The Workers' Rights Project of the Southerners for Economic Justice;* and *Robert T. Thompson* of *Thompson, Mann & Hutson,* Greenville, *for South Carolina Chamber of Commerce, amici curiae.*

Oct. 29, 1985.

HARWELL, Justice:

This Court granted a Writ of Certiorari to review one issue involved in a Court of Appeals decision which is reported at 283 S. C. 155, 321 S. E. (2d) 602 (S. C. App. 1984). The portion of that opinion which this Court addresses is based upon an error of law and is quashed.

The sole issue before this Court is whether the Court of Appeals in its majority decision exceeded its scope of review by supplanting the jury's findings of fact with its own by ruling as a matter of law that Equifax did not intentionally interfere with Todd's employment contract. We hold that it did. We quash the majority opinion of the Court of Appeals on this issue and reinstate the $50,000 jury verdict against Equifax.

Todd, an insurance agent, was hired under three separate terminable at will contracts by South Carolina Farm Bureau Mutual Insurance Company (Mutual), Southern Farm Bureau Casualty Insurance Company (Casualty), and Southern Farm Bureau Life Insurance Company (Life). Though separate companies, employment with one required employment

with the other two, and discharge from one required discharge from the remaining companies.

Due to a suspiciously large number of fires, the claims manager for Mutual and Casualty hired Equifax to investigate for arson. Equifax assigned two of its employees, Parrish and Pope, to the investigation. After several months, Parrish informed Todd and Todd's supervisor that Equifax had learned through an informant that Todd was hindering Equifax's investigation by leaking information to a torch man. Parrish said he wanted to give Todd a voice stress analysis test (PSE). This test, which allegedly determines deception, is illegal in South Carolina. S. C. Code Ann. § 40-53-40 (Law. Co-Op. 1976).

Todd agreed to the test and Parrish administered it the next day. The results showed that Todd had "stressed" on several questions, indicating deception. This information was revealed to Todd's boss but not to Todd. Todd was then asked by his employer to take a polygraph test. Todd initially agreed, but later requested that the polygraph test be postponed until his attorney could attend. Todd was informed that he must either take the polygraph test as scheduled or resign. Todd refused to do either. Two days later, Todd received a letter terminating his contract with Mutual, Life, and Casualty effective ten days from the date of the letter.

It became highly doubtful whether Parrish's informant, who allegedly accused Todd of leaking information, ever in fact existed. Parrish initially identified the informant, retracted the identification, then named a police officer. The officer testified at trial that he never told Parrish that Todd was leaking information. From this evidence the jury was entitled to find that the alleged informant was, in fact, a fabrication of Equifax's agent, Parrish.

Under our scope of review, *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976), we necessarily restrict our inquiry to whether there was any evidence from which the jury might have inferred that Equifax intentionally interfered with Todd's contract.

To establish an action for intentional interference with a contract, the plaintiff must establish (1) the existence of the contract; (2) the wrongdoer's knowl-

edge of the contract; (3) the intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages. *DeBerry v. McCain,* 275 S. C. 569, 574, 274 S. E. (2d) 293, 296 (1981). The jury could have determined that Equifax, by accusing Todd of leaking information, fabricating an informant, and administering the illegal voice stress analysis, intended to procure a breach of Todd's employment contract. Whether or not Equifax's actions precipitated Todd's dismissal was a question of fact to be resolved by the jury. *See* W. Prosser & R. Keeton, *Handbook of the Law of Torts* § 129 (5th Ed. 1984).

The court directed various verdicts at trial. When the case reached the jury, Equifax was being sued on two theories: (1) outrageous conduct and (2) intentional interference with a contract. Equifax, along with the three other defendants, agreed to the general form of verdict submitted to the jury. Under the "two issue" rule, when the jury returns a general verdict involving two or more issues and its verdict is supported as to at least one issue, the verdict will not be reversed on appeal. *Anderson v. West,* 270 S. C. 184, 241 S. E. (2d) 551 (1978). Therefore, if any competent evidence was presented to create a jury issue as to any one of the causes of action, the verdict must be affirmed. Having found the existence of some competent evidence on which the jury could return a verdict for Todd based on the intentional interference theory, we must reinstate the jury's general verdict for Todd for $20,000 actual damages and $30,000 punitive damages against Equifax.

We quash and reinstate Todd's $50,000 verdict against Equifax.

GREGORY, CHANDLER, and FINNEY, JJ., concur.

LITTLEJOHN, Acting C. J., dissents.

NESS, C. J., disqualified.

LITTLEJOHN, Acting Chief Justice, dissenting:

Being of the opinion that the Court of Appeals correctly decided the issues, I would hold that the Writ of Certiorari was improvidently granted and dismiss.