0995

Billy Cowan CLAMP, Respondent v. Jackie CLAMP, Appellant.

(359 S. E. (2d) 86)

Court of Appeals

*Billy J. Garrett, Jr.,* and *James D. Jefferies,* Greenwood, *for appellant.*

*Thomas E. Hite, Jr.,* Abbeville, *for respondent.*

Heard June 16, 1987.

Decided July 20, 1987.

GARDNER, Judge:

Billy Clamp (the Plaintiff) sued his brother, Jackie Clamp (the defendant), for assault and battery. From a jury award for actual and punitive damages, the defendant appeals.

The plaintiff owned a repair shop where he and his brothers, including the defendant, worked on various things such as cars and trailers. The defendant primarily occupied the shop with the plaintiff's consent, although no formal lease agreement existed.

On April 11, 1985, the plaintiff and the defendant had an argument over the true ownership of the shop. The plaintiff ordered the defendant to vacate the shop and turned to leave. The defendant picked up a coil spring and threw it at the plaintiff. The spring apparently struck the plaintiff on the right arm cutting the arm severely. The defendant then pursued the plaintiff and threw a rock at him. He chased the plaintiff until the plaintiff was cornered and exchanged blows with him. Both parties fell to the ground and wrestled until separated by on-lookers.

The plaintiff sued the defendant for actual and punitive damages for assault and battery. The defendant's answer denied the complaint, and raised the defenses of self-defense and defense of property.

Plaintiff's witness, Dr. Peoples, testified that the plaintiff suffered ulnar nerve damage resulting in permanent injury to his right arm and hand. The doctor testified that the plaintiff's little finger and half of his ring finger will be numb and that the small muscles of his hand affected by the ulnar nerve would eventually atrophy and go away.

The trial judge directed a verdict as to liability for assault for the plaintiff and submitted the issues of battery and damages, both actual and punitive, to the jury. During the trial the defendant unsuccessfully made motions for a non-suit and directed verdict. Proper post-judgment motions for judgment n.o.v., a new trial absolute and a new trial nisi were also overruled. The verdict was for $2,478.75 actual damages and $45,000 punitive.

The two issues on appeal are whether (1) the trial judge improperly limited cross-examination and (2) the trial judge erred in failing to grant a new trial nisi with respect to punitive damages.

The defendant contended and testified during his case in chief that it was the intent of his parents that he be permitted to use the shop; the property had, however, been devised to the plaintiff, who mortgaged it and allowed the mortgage to be foreclosed. On cross-examination, the defendant's attorney posed questions relative to these facts; upon objection, the trial judge excluded the testimony on the basis of irrelevancy. The defendant asserts these circumstances establish provocation.

We agree with the trial judge. Legal provocation is admissible to mitigate punitive damages. 22 Am. Jur. (2d), *Damages*, Section 331 (1965). We, however, have been unable to unearth any authority holding that the acts of the parties' parents in devising the property to the plaintiff or the foreclosure of the mortgage constitute legal justification for a serious assault and battery.

Moreover, if there were error, it is harmless. The defendant was permitted to testify fully as to all the facts excluded on cross-examination of the plaintiff. The jury had before it the whole story. We find no reversible error and we so hold.

The defendant asserts that the trial judge erred in not granting a new trial nisi as to punitive damages because of the defendant's impecuniousness. The financial condition of a defendant is a factor to be considered by the jury in awarding punitive damages. But there is no requirement that the defendant be a man of means before the jury is justified in awarding punitive damages. *Norton v. Ewaskio*, 241 S. C. 557, 129 S. E. (2d) 517 (1963). Moreover, the defendant testified fully as to his financial condition. We therefore reject this argument.

The defendant next asserts that the trial judge erred in refusing to grant a new trial nisi unless the amount of the punitive damages were reduced. We disagree. There is no mathematical formula on the proportion which punitive damages must bear to actual damages; the amount awarded is peculiarly within the judgment and discretion of the jury, subject to the supervisory power of the judge. *Thompson v. Home Sec. Life Ins.*, 271 S. C. 54, 244 S. E. (2d) 533 (1978). We therefore, find no error in the trial judge's refusal to grant a new trial nisi.

For the reasons stated, the appealed order is affirmed.

Affirmed.

BELL and CURETON, JJ., concur.