1591

COLLINS MUSIC COMPANY, Respondent v. William R. TERRY, individually; William R. Terry, d/b/a Big Daddy's; Thomas Lynn Porter; and Greenville Amusement Company of whom Thomas Lynn Porter and Greenville Amusement Company are Appellants. Appeal of Thomas Lynn PORTER and Greenville Amusement Company.

(400 S.E. (2d) 783)

Court of Appeals

*William B. Long, Jr.*, Greenville, *for appellants.*

*David H. Wilkins* and *John W. Kittredge, Wilkins, Nelson, Kittredge & Simmons*, Greenville, *for respondent.*

Heard Nov. 12, 1990.

Decided Jan. 7, 1991.

SHAW, Judge:

Respondent Collins Music Company instituted this lawsuit against appellants Thomas Lynn Porter and Greenville Amusement Company. In a trial without a jury, the judge awarded Collins damages for unfair trade practices and tortious interference with a contract. Also, he awarded Collins

punitive damages in the amount of $100,000.00. Collins elected to have judgment entered on the tortious interference claim rather than the unfair trade practices claim.

The only issue before us is whether the trial judge abused his discretion in the award of punitive damages.

This is a law case and this court will affirm if there is any evidence to support the finding of the trial judge. *Townes Associates, Ltd. v. City of Greenville,* 266 S.C. 81, 86, 221 S.E. (2d) 773 (1976).

Collins Music and William R. Terry, d/b/a Big Daddy's, executed a multi-year agreement May 12, 1982 which gave Collins the exclusive right to install and operate coin machines in Terry's lounge. When there was about one year remaining on the contract, Terry demanded $10,000 from Collins to remodel his lounge which Collins refused to pay. Porter then offered Terry $10,000 to remove Collins' machines and install his (Porter's) machines. Terry removed Collins' machines and installed Porter's. Prior to this transaction, Collins spoke with Porter and warned him not to interfere with the contractual arrangement with Terry.

Collins introduced detailed charts showing a five year use and the revenue produced by the machines at Terry's lounge. The machines were there two hundred and sixty four (264) weeks and generated ninety-six thousand two hundred and eighty-six dollars and fifty cents ($96,286.50).

In a request for admissions, Porter admitted he paid Terry the $10,000 to induce him to enter into an agreement with him. The breach of the contract between Collins and Terry occurred after Porter paid Terry and the trial judge held Porter knew of the existence of the Collins-Terry contract.

To establish an action for intentional interference with a contract, the plaintiff must establish (1) the existence of the contract; (2) the wrongdoer's knowledge of the contract; (3) the intentional procurement of its breach; (4) the absence of jurisdiction; and (5) resulting damages. *Todd v. South Carolina Farm Bureau Mut. Ins.,* 287 S.C. 190, 336 S.E. (2d) 472 (1985). See also, *DeBerry v. McCain,* 275 S.C. 569, 274 S.E. (2d) 293 (1981) citing as authority 45 Am. Jur. (2d) Interference Section 39; *Smith v. Citizens and Southern National Bank of South Carolina,* 241 S.C. 285, 128 S.E. (2d)

112 (1962); and *Collins Music Company v. Ingram*, 292 S.C. 537, 357 S.E. (2d) 484 (Ct. App. 1987).

The trial judge reviewed Porter's deposition testimony and concluded Porter has a habit of finding locations for his machines by paying cash money "under the table." Porter stated he would do the same thing again. At the deposition Porter had around $8,000 cash in his pocket but invoked the fifth amendment when asked where the money came from. Porter has five cars and always carries large sums of cash in his pockets.

The trial judge found $18,000 in damages for the tortious interference claims, and, for the unfair trade practice claims, the amount was trebled. The judge awarded $100,000 in punitive damages. Porter claims the punitive damages award is excessive. We disagree. Before a verdict can be set aside based on excessiveness, it must be shown that it is the result of caprice, passion or prejudice and is so grossly excessive as to shock the conscience of the court. *Mylin v. Allen White Pontiac*, 281 S.C. 174, 314 S.E. (2d) 354 (Ct. App. 1984).

The $100,000 award is approximately six times the actual damages sustained by Collins Music. In *Clamp v. Clamp*, 293 S.C. 142, 359 S.E. (2d) 86 (Ct. App. 1987), this court affirmed a punitive damage award almost eighteen times greater than the actual damages. In *Reid v. Kelly*, 274 S.C. 171, 262 S.E. (2d) 24 (1980), our Supreme Court affirmed a punitive award almost eight times greater than the actual damages.

Affirmed.

BELL and CURETON, JJ., concur.