1772

S. Michael CAMP, Appellant v. SPRINGS MORTGAGE CORPORATION, Respondent.

(414 S.E. (2d) 784)

Court of Appeals

*John Martin Foster*, Rock Hill, *for appellant.*

*David A. White* and *Benjamin A. Johnson*, of *Roddey, Carpenter & White*, Rock Hill, *for respondent.*

Heard May 6, 1991; Filed June 5, 1991.

Heard May 6, 1991; Refiled Feb. 24, 1992.

GARDNER, Judge:

S. Michael Camp (Camp) sued Springs Mortgage Corporation alleging causes of action for (1) tortious interference with a contract, (2) violation of S.C. Code Ann. § 37-10-102(a) (1989), (3) violation of the Unfair Trade Practices Act and (4) slander. Springs answered and moved to dismiss under Rule 12(b) (6) SCRCP. The trial judge dismissed the plaintiff's complaint for failure to state a cause of action under Rule 12(b)(6) SCRCP. We affirm in part and reverse in part.

The only issue of merit is whether Camp's complaint states a cause of action. We hold that it does. The complaint alleges, *inter alia*, that Camp had closed loans for Springs in the past, that a disagreement between the parties had arisen in the closing of a prior loan, that Camp was employed by a Mrs. Johnson to close a loan with Springs, that Camp had liability insurance and was in a position to offer title insurance for the Johnson loan closing, that Springs knew or should have known that Johnson had employed Camp, that Springs advised Mrs. Johnson[1] that Camp's services were unacceptable to it and as a result thereof, Johnson employed another attorney, that Springs' conduct amounted to an intentional interference with Camp's contract with Johnson and was "undertaken with an intent to harass, annoy, persecute, injure, and destroy and otherwise interfere with the due prosecution of plaintiff's business" and was in violation of § 37-10-102(a), and that Springs was a creditor within the meaning of S.C. Code Ann. § 37-1-301(13) (1989) (as amended) with regard to the Johnson closing and any other potential closing.

Incorporating these facts, Camp alleged causes of action for tortious interference with the Johnson contract of employment, violation of S.C. Code Ann. § 37-10-102(a) (1989), violation of the Unfair Trade Practices Act and slander based upon the telling of other individuals and loan companies that Springs found Camp unacceptable as a lawyer.

Under Rule 12(b)(6), "[t]he trial court must dispose of a motion for failure to state a cause of action based solely upon the

---

[1] Johnson was represented in these transactions by her daughter, Karen Ramsey, who was told that Camp would be unacceptable for the Johnson loan closing.

allegations set forth on the face of the complaint. The motion cannot be sustained if facts alleged in the complain and inferences reasonably deducible therefrom would entitle plaintiff to any relief on any theory of the case." *Brown v. Leverett*, 291 S.C. 364, 366, 353 S.E. (2d) 697, 698 (1987) (citations omitted).

The elements of a cause of action for interference with contractual relations are (1) a contract; (2) the wrongdoer's knowledge of the contract; (3) the intentional procurement of the breach of the contract by the wrongdoer; (4) the absence of justification; and (5) resulting damages. *DeBerry v. McCain*, 275 S.C. 569, 274 S.E. (2d) 293 (1981). We hold that these elements were sufficiently alleged in the complaint, and it states a cause of action for intentional interference by Springs with an employment contract between Camp and Johnson.

We also hold that the complaint states a cause of action for violation of the Unfair Trade Practices Act. Springs contends that its business is regulated and, therefore, the UTPA is not applicable to it. We reject this contention. S.C. Code Ann. § 39-5-10 (1976) defines "commerce" as including "the advertising, offering for sale, sale or distribution of any services. . . ." There is no question but what legal services come within the definition of this statute. We also hold that the alleged act or practice of Springs in this case would have an impact upon the public interest. *See Noack Enterprises v. Country Corner Interiors*, 290 S.C. 475, 351 S.E. (2d) 347 (Ct. App. 1986). We also hold that the alleged misconduct of Springs is capable of repetition. The trial judge erred in holding that the complaint fails to state a cause of action for violation of the UTPA.

We find no merit to Camp's contention that a cause of action is stated for violation of S.C. Code Ann. § 37-10-105 (1976). We construe this Act as an act intended to protect borrowers from overzealous lenders. The penalty for violating this statute provides that the violating party "shall forfeit . . . the total amount of the loan finance charge and the costs of the action; and the unpaid balance of the loan shall be repayable without any loan finance charge. . . ." The penalties provision clearly indicates the intention of the Legislature to protect the borrower rather than the attorney. We, accordingly, reject this contention.

We also find that Camp has abandoned the cause of action for slander.

For the above stated reasons, the appealed order is reversed insofar as it held that the complaint failed to state a cause of action for (1) tortious interference with a contract and (2) violation of S.C. Code Ann. § 37-10-102(a) (1976) (as amended). Accordingly, the appealed order is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

SANDERS, C.J., and SHAW, J., concur.

