23767

S. Michael CAMP, Petitioner-Respondent v. SPRINGS MORTGAGE
CORPORATION, Respondent-Petitioner.

(426 S.E. (2d) 304)

Supreme Court

*John Martin Foster*, Rock Hill, *for petitioner-respondent.*

*David A. White* and *Benjamin A. Johnson*, both of *Robinson, Bradshaw & Hinson*, Rock Hill, *for respondent-petitioner.*

Heard Nov. 17, 1992

Refiled on Den. of Reh. Feb. 16, 1993.

MOORE, Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' memorandum opinion, 414 S.E. (2d) 784. We affirm in part and reverse in part.

Petitioner-respondent (Camp) commenced this action against respondent-petitioner (Springs) alleging several causes of action including: (1) interference with an existing contract; (2) interference with future contracts; (3) violation of the Consumer Protection Code (SCCPC); and (4) violation of the Unfair Trade Practices Act (SCUTPA). Springs moved to dismiss the complaint for failure to state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6), SCRCP. The trial judge granted the motion. On appeal, the Court of Appeals reversed in part and affirmed in part. It found the complaint stated causes of action for tortious interference with an existing contract and violation of SCUTPA and stated no cause of action for violation of SCCPC. The Court of Appeals did not address the claim for tortious interference with future contracts. Both parties petitioned this Court for certiorari.

## FACTS

Camp's complaint alleged the following facts. In his capacity as an attorney, Camp closed several loans involving Springs, a consumer lender. In April 1989, however, a dispute arose between the parties concerning certain procedures in Camp's closing of a loan financed by Springs. Springs' president told Camp he would "never close another loan for them."

At the time this dispute arose, Camp had a contract to close

a loan for Naomi Johnson. Springs' agent informed Mrs. Johnson's daughter that Camp was "not acceptable" and Mrs. Johnson retained another attorney for her loan closing.

## ISSUES

1. Whether the complaint states a claim for violation of SCCPC?

2. Whether the complaint states a claim for interference with an existing contract?

3. Whether the complaint states a claim for violation of SCUTPA?

## DISCUSSION

### CAMP'S

Camp's complaint alleges a violation of SCCPC under S.C. Code Ann. § 37-10-102(a) (1989) which provides that a creditor "must ascertain the preference of the borrower as to the legal counsel that is employed to represent the debtor. . . ." The Court of Appeals affirmed the dismissal of this cause of action.

The test to determine whether a right of private action in favor of a certain party is created by implication under a civil statute is whether the legislation was enacted for the special benefit of that party. *Citizens for Lee County, Inv. v. Lee County*, — S.C. — , 416 S.E. (2d) 641 (1992). The purpose of SCCPC is to protect *consumers*. S.C. Code Ann. § 37-1-102 (1989). This intent is borne out by the relief provision of SCCPC found in § 37-10-105 which provides for forfeiture of the loan finance charge to the debtor's benefit. In sum, the statutory language evinces no intent to benefit attorneys who provide services at loan closings. We conclude Camp has no private right of action for a violation of § 37-10-102(a) and we affirm the Court of Appeals' ruling on this issue.

Camp also contends his complaint sufficiently states a cause of action for interference with future contracts under *Crandall Corp. v. Navistar International Transportation Corp.*, 302 S.C. 265, 395 S.E. (2d) 179 (1990). The Court of Appeals did not address this issue nor did Camp petition for rehearing for the court to consider it. We therefore decline to address this issue.

SPRINGS' APPEAL

The Court of Appeals held Camp's complaint was sufficient to state a cause of action for tortious interference with an existing contract based on the allegation that Springs interfered with Camp's contract to close a loan for Mrs. Johnson. Springs contends this was error.

The elements of a cause of action for tortious interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages. *Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 287 S.C. 190, 336 S.E. (2d) 472 (1985); *DeBerry v. McCain*, 275 S.C. 569, 274 S.E. (2d) 293 (1981). Springs contends Camp's complaint fails to allege facts showing an existing contract and an absence of justification.

Where the allegations of the complaint give rise to competing inferences on a question of material fact, dismissal under Rule 12(b)(6), SCRCP, is not appropriate. *Jensen v. South Carolina Dept. of Social Services*, 297 S.C. 323, 377 S.E. (2d) 102 (Ct. App. 1988). Camp's complaint alleges Mrs. Johnson had "contracted his services for the loan closing" and he had begun title investigation. We find these allegations sufficient to allege an existing contract. The complaint further alleges Camp attempted in good faith to resolve the prior dispute with Springs. From this allegation it may be inferred Springs' interference with the Johnson contract was without justification. Accordingly, we affirm the Court of Appeals' ruling finding the complaint sufficient to state a cause of action for tortious interference with an existing contract.

Finally, Springs contends Camp's complaint fails to state a cause of action for SCUTPA violation. We agree.

An action for damages may be brought under SCUTPA for "unfair methods of completion and unfair or deceptive acts or practices" in the conduct of trade or commerce. S.C. Code Ann. §§ 39-5-20(a) and -140(a) (1985). The conduct complained of here does not describe any action by Springs that was "unfair" or "deceptive." The allegation that Springs told potential borrowers Camp was unacceptable fails to describe an unfair act in the conduct of trade or commerce. Camp's clients were free to choose a different lending institution if they wished to

retain Camp as the closing attorney. Camp was not in competition with Springs nor did he have a right to represent its borrowers. Further, there is no deception alleged since Camp was told directly that Springs refused to deal with him on loan closings.

We find Camp's complaint insufficient to state a SCUTPA violation because no unfair or deceptive act is alleged. Accordingly, we reverse the Court of Appeals' ruling on this issue.

Affirmed in part; reversed in part.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.