Noah M. **BRUNTY** and Martha L. Brunty, individually and as class representatives for all those similarly situated, Plaintiffs,

v.

**NATIONSBANC MORTGAGE CORPORATION, a Texas Corporation, Defendant.**

Brian J. and Philip J. **CASTENGERA**, on behalf of themselves and all others similarly situated, Plaintiffs,[1]

v.

**MOLTON ALLEN WILLIAMS CORPORATION, Defendant.**

C.A. Nos. 3:96–1945–19, 3:96–3120–19.

United States District Court, D. South Carolina, Columbia Division.

Feb. 20, 1997.

---

1. The Castengeras have filed a motion to amend the pleadings and to add additional plaintiffs. The Court has not ruled on this motion as of the date of this Order.

L. Sidney Connor, IV, Kelaher, Connell & Connor, P.C., Nate Fata, Nate Fata, P.A., Surfside Beach, SC; and James M. Griffin, Simmons, Griffin and Lydon, L.L.P., Columbia, SC, for plaintiffs, Noah M. Brunty, et al.

William C. Hubbard, John T. Moore, and B. Rush Smith, III, Nelson Mullins Riley & Scarborough, L.L.P., Columbia, SC, for defendant, NationsBanc Mortgage Corporation.

Bradford P. Simpson and B. Randall Dong, Simpson Dong & Wingate, L.L.C., Charles L.A. Terreni, D. Michael Kelly, John D. Kassel, and Kelli L. Sullivan, Suggs & Kelly, Lawyers, PA, Thomas M. Fryar, Drose, Davidson & Bennett, John S. Simmons, James M. Griffin, and Thomas E. Lydon, Simmons, Griffin & Lydon, L.L.P., Steven W. Hamm and Mary S. League, Richardson, Plowden, Carpenter & Robinson, P.A., Charles L. Dibble, Dibble Law Offices, Columbia, SC; and T. Alexander Beard, Beard Law Offices, of Charleston, South Carolina, for plaintiffs, Brian J. Castengera, et al.

Robert E. Stepp and Elizabeth G. Howard, Glenn, Murphy, Gray & Stepp, L.L.P., Columbia, SC, for defendant, Molton, Allen & Williams Corporation.

### CERTIFICATION OF QUESTIONS OF LAW

SHEDD, District Judge.

**TO THE HONORABLE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE**

**SUPREME COURT OF SOUTH CAROLINA:**

### I. CERTIFIED QUESTIONS

Pursuant to Rule 228 of the South Carolina Appellate Court Rules, the undersigned judge of the United States District Court for the District of South Carolina respectfully certifies the following questions of law:

1. **Do the forfeiture and penalty provisions set forth in S.C.Code Ann. § 37-10-105 apply to a violation of S.C.Code Ann. § 37-10-102(a)?**

2. **If so, what limitations period applies to an action to recover § 37-10-105 penalties for a § 37-10-102(a) violation, and when does such period commence?**

These questions of law, which may be outcome-determinative of the above-captioned civil actions now pending in this Court,[2] do not appear to be directly controlled by precedent of the Supreme Court of South Carolina.[3]

### II. NATURE OF THE CONTROVERSIES

Section 37-10-102(a)—the "attorney preference statute"—requires, *inter alia*, that whenever the primary purpose of a loan that is secured by a lien on real estate is for a personal, family, or household purpose, the creditor must ascertain the preference of the borrower as to the legal counsel that is employed to represent the borrower at the loan closing. The plaintiffs[4] in these actions contend, *inter alia*, that the defendants violated § 37-10-102(a), and they seek to recover the penalties set forth in § 37-10-105, which provides in pertinent part:

---

2. By separate Order, the Court has stayed all matters (with certain exceptions) pertaining to these cases pending resolution of these issues and further Order of this Court.

3. The decision to certify a question of state law to the highest court of the state is within the discretion of the Court, *Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974), and it may be made *sua sponte*. *Maine Drilling & Blasting, Inc. v. Insurance Co. of N. Am.*, 34 F.3d 1, 3 (1st Cir.1994).

4. Although the plaintiffs in both actions purport to bring these actions on behalf of themselves and for a class of other persons who have secured loans from the defendants, the Court has not certified a class in either case. The Court is aware of S.C. House Bill No. 3272, which potentially could prevent the plaintiffs from maintaining these actions on behalf of a class. That pending legislation does not appear to resolve the issues addressed in this Order.

With respect to a loan transaction subject to the provisions of this chapter, any person who shall receive or contract to receive a loan finance charge or other charge or fee in violation of this chapter shall forfeit—

(a) the total amount of the loan finance charge and the costs of the action; and the unpaid balance of the loan shall be repayable without any loan finance charge;

(b) double the amount of the excess loan finance charge or other charges or fees actually received by the creditor or paid by the debtor to a third party, to be collected by a separate action or allowed as a counterclaim in any action brought to recover the unpaid balance.

While the defendants in both cases deny that they violated § 37–10–102(a), they have challenged the plaintiffs' claims on grounds unrelated to the ultimate merit *vel non* of the claims.[5]

### A. The Brunty Case

 In the *Brunty* case, NationsBanc Mortgage Corporation ("NationsBanc") has filed a motion for judgment on the pleadings, *see* Fed.R.Civ.P. 12(c), arguing that the plain language of § 37–10–105 establishes that the penalties set forth therein do not apply to a § 37–10–102(a) violation.[6] NationsBanc argues alternatively that the legislative history underlying §§ 37–10–102(a) and 37–10–105 support its position. The Bruntys naturally contend otherwise. Although the resolution of this issue—*i.e.*, the first certified question—involves a seemingly straightforward application of South Carolina principles of statutory interpretation—*i.e.*, determining the intent of the General Assembly[7]—the novelty[8] and importance of the issue, in light of the arguments presented, warrants its submission for authoritative determination by the state supreme court.[9]

### B. The Castengera Case

In the *Castengera* case, Molton, Allen & Williams Corporation ("Molton") has filed a motion to dismiss, *see* Fed.R.Civ.P. 12(b)(6), arguing that the Castengeras' claims are barred by the statute of limitations.[10] Be-

---

**5.** Bared to their essence, these cases, while perhaps authorized under South Carolina law, simply represent a potential windfall for the plaintiffs, who notably do not contend that they were charged excess fees or were otherwise injured in any respect apart from the alleged noncompliance with the attorney preference statute. Indeed, it would be problematic for the Bruntys to make such a claim given the unusual circumstances involving their attorneys' participation in their loan closing. *See infra* note 6.

**6.** As an aside, the Court notes that in the *Brunty* case, the record appears to establish that the Bruntys expressed a preference for attorney Nate Fata to close their loan and, upon NationsBanc's rejection of him due to his inability to provide title insurance, the closing was transferred by Fata on the Bruntys' behalf to attorney Ed Kelaher, who closed the loan. Both Fata and Kelaher were present when the loan was closed. Amazingly, the Kelaher law firm and Fata, both of whom were involved in the loan closing, are now bringing this action contending that the closing violated the law.

**7.** "The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Mid–State Auto Auction of Lexington, Inc. v. Altman*, —— S.C. ——, 476 S.E.2d 690, 692 (1996).

**8.** Interestingly, neither side has pointed to the opinions of the state court of appeals and su-

preme court in *Camp v. Springs Mtg. Corp.*, 307 S.C. 283, 414 S.E.2d 784, 786 (App.1992), *aff'd in part and rev'd in part*, 310 S.C. 514, 426 S.E.2d 304, 305 (1993), wherein both courts arguably state, albeit by way of dicta, that the § 37–10–105 penalties apply to a § 37–10–102(a) violation.

**9.** Much of the parties' arguments on this point are based on rules of grammar, with the Bruntys challenging NationsBanc's position based on its "grammatical misreading" of the statutes, and NationsBanc in turn challenging the Brunty's position because of their "interpretation based on false premises and mutant, subliminal grammar." In this regard, the Court simply notes that both sides' grammatical analyses may be misplaced. Although "[o]rdinary rules of grammar apply when ascertaining the meaning of a statute," *Dunn v. Pacific Employers Ins. Co.*, 332 N.C. 129, 418 S.E.2d 645, 648 (1992), such rules are not to be applied when to do so would contravene the legislative intent. *See Bradford v. Byrnes*, 221 S.C. 255, 70 S.E.2d 228, 230 (1952).

**10.** The record presented establishes that on August 31, 1993, Molton loaned the Castengeras $47,689 and the Castengeras secured the loan with a mortgage on their house. The Castengeras filed this action on September 12, 1996, which is more than three years after the loan closed.

cause there is no limitations period expressly prescribed for a violation of § 37–10–102(a), Molton contends that the three-year limitations period codified at S.C.Code Ann. § 15–3–530(2) applies.[11]

The Castengeras, through their eight law firms,[12] oppose the motion, relying on several alternative arguments. First, they argue that an attorney preference action is not governed by the limitations period set forth in § 15–3–530(2). Instead, they contend that such an action may be brought either (1) at any time during the life of the loan by virtue of § 37–10–105(b), or (2) within one year after the scheduled or accelerated maturity of the debt by virtue of S.C.Code Ann. § 37–5–202, or (3) within 20 years of the date of the loan closing by virtue of S.C.Code Ann. § 15–3–520(a). Second, they argue that even if the limitations period set forth in § 15–3–530(2) applies, it did not begin to run until they discovered that they had a claim. Last, they assert that even if the limitations period set forth in § 15–3–530(2) applies, it bars only their recovery of interest payments predating the discovery of the existence of their claim by more than three years.

Therefore, resolution of this important and novel issue—*i.e.*, the second certified question—involves consideration of several different matters. Of course, this issue need not be addressed if the first certified question is answered in the negative.

### III. ORDER

In light of the foregoing, the undersigned judge respectfully **CERTIFIES** the questions of law set forth above to the Supreme Court of South Carolina pursuant to Rule 228 of the South Carolina Rules of Appellate Procedure, and **DIRECTS** the Clerk of Court to forward this Order, bearing the Court's seal, to the Supreme Court of South Carolina and to provide all materials and assistance which that court may request.

---

**11.** This limitations period is applicable to all actions created by statute other than actions for a penalty or forfeiture. Statutory actions for a penalty or forfeiture are governed by a one-year limitations period codified at S.C.Code Ann. § 15–3–570. Molton asserts that an attorney preference action may in fact be an action for a penalty or forfeiture which, therefore, must be brought within one year. However, Molton contends that even under the more lenient three-year limitations period, the Castengeras' claims are barred.

**12.** At least fourteen lawyers' names appear on the Castengeras' pleadings.