709 S.E.2d 661

Iraj MAZLOOM, Respondent,

v.

Manoochehr MAZLOOM, Albolfazl Mazloom
and AMA, LLC, Petitioners.

No. 26972.

Supreme Court of South Carolina.

Heard April 19, 2011.

Decided May 9, 2011.

Deborah Harrison Sheffield, Law Office of Deborah Harrison Sheffield, of Columbia, and Paul L. Reeves, of Reeves Law Firm, of Columbia, for Petitioners.

Tobias G. Ward, Jr. and J. Derrick Jackson, of Todd Holloway & Ward, of Columbia, for Respondent.

PER CURIAM.

We granted a writ of certiorari to review the decision of the court of appeals in *Mazloom v. Mazloom,* 382 S.C. 307, 675 S.E.2d 746 (Ct.App.2009). The writ was granted to determine if there is sufficient evidence to support a breach of fiduciary duty by Petitioners and, if so, to determine if this conduct warranted the imposition of punitive damages.

As to the sufficiency of the evidence to support a breach of fiduciary duty, we find that this portion of the question is not preserved for review because it was not raised in the petition for rehearing to the court of appeals. *See* Rule 242(d)(2), SCACR ("Only those questions raised in the Court of Appeals *and in the petition for rehearing* shall be included in the petition for writ of certiorari...." (emphasis added)); *Camp v. Springs Mortgage Corp.,* 310 S.C. 514, 516, 426 S.E.2d 304, 305 (1993) (declining to address issue not addressed by the

court of appeals and not raised in petition for rehearing); *Holly Hill Lumber Co. v. McCoy*, 210 S.C. 440, 442, 43 S.E.2d 143, 144 (1947) (holding issue not raised in petition for rehearing is the law of the case).

As to the remaining issue, we find no error on the part of the court of appeals in affirming the award of punitive damages. *See Jordan v. Holt*, 362 S.C. 201, 206, 608 S.E.2d 129, 131 (2005) (finding that ignoring member's request for financial information regarding LLC, using LLC money to satisfy personal obligations, engaging in self-dealing, and selling LLC property and keeping proceeds without knowledge or consent justified an award of punitive damages); *see also Davenport v. Woodside Cotton Mills Co.*, 225 S.C. 52, 59, 80 S.E.2d 740, 743 (1954) (stating that "[i]n view of the unappealed verdict and judgment for actual damages it must be taken as determined" that the appellant engaged in the conduct complained of when reviewing award of punitive damages).

Accordingly, the decision of the court of appeals is

**AFFIRMED.**