**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Berry, Quackenbush & Stuart, P.A., Appellant,

v.

BEI Sensors & Systems Company, Inc., d/b/a BEI Duncan Electronics and The Commercial Collection Corporation of New York, Inc., Defendants,

Of Whom The Commercial Collection Corporation of New York, Inc. is the Respondent.

Appellate Case No. 2013-000770

───────────────

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

───────────────

Unpublished Opinion No. 2014-UP-247
Heard May 6, 2014 – Filed June 25, 2014

───────────────

**AFFIRMED**

───────────────

Claude E. Hardin, Jr., of Hardin Law Firm, LLC, of Columbia, and Leonard R. Jordan, Jr., of Berry Quackenbush & Stuart, PA, of Columbia, both for Appellant.

Robert Alan Bernstein, of Bernstein & Bernstein, PA, of Charleston, for Respondent.

**PER CURIAM:** In this civil appeal involving a debt collection, Berry, Quackenbush & Stuart, P.A. (Law Firm) contends the trial court erred in granting summary judgment in favor of The Commercial Collection Corporation of New York, Inc. (Commercial). Specifically, Law Firm maintains that when viewing evidence in the light most favorable to it, (1) there is evidence Commercial acted outside the scope of its authority and can be liable for tortious interference with contractual relations between BEI and Law Firm and (2) there are genuine issues of material fact regarding whether Commercial engaged in practices constituting a tortious interference with Law Firm's contract. We affirm.

1. We find the trial court properly granted summary judgment in favor of Commercial because there was no evidence Commercial acted outside the scope of its authority. *Hard Hat Workforce Solutions, LLC v. Mech. HVAC Servs., Inc.*, 406 S.C. 294, 299-300, 750 S.E.2d 921, 923 (2013) ("In reviewing a grant of summary judgment, the appellate court applies the same standard as the trial court under Rule 56(c), SCRCP. Summary judgment is proper if, viewing the evidence in a light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.") (citations omitted); *Ellis v. Davidson*, 358 S.C. 509, 518-19, 595 S.E.2d 817, 822 (Ct. App. 2004) ("Under Rule 56(c), SCRCP, the party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact. Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings. Rather, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial.") (citations omitted); *Dutch Fork Dev. Grp. II, LLC v. SEL Props., LLC*, 406 S.C. 596, 604, 753 S.E.2d 840, 844 (2012) ("'The elements of a cause of action for tortious interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages.'" (quoting *Camp v. Springs Mortgage Corp.*, 310 S.C. 514, 517, 426 S.E.2d 304, 305 (1993))); *id.* at 605, 753 S.E.2d at 844 ("'It is generally recognized that when a contract is breached by a corporation as the result of the inducement of an officer or agent of the corporation acting on behalf of the corporation and within the scope of his employment, the inducement is privileged and is not actionable.'" (quoting

*Bradburn v. Colonial Stores, Inc.*, 273 S.C. 186, 188, 255 S.E.2d 453, 455 (1979))); *id.* ("Thus, '[t]he actions of a principal's agent are afforded a qualified privilege from liability for tortious interference with the principal's contract.'" (alteration by court) (quoting *CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc.*, 357 F.3d 375, 385 (3d Cir. 2004))).

2. We need not determine Law Firm's remaining issues. *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**

**KONDUROS, LOCKEMY, JJ., and CURETON, A.J., concur.**