**[J-12-2019][M.O. - Donohue, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

| | | |
|---|---|---|
| BETTY L. SHIFLETT AND CURTIS SHIFLETT, HUSBAND AND WIFE, | : | No. 43 MAP 2018 |
| | : | |
| | : | Appeal from the Order of the Superior |
| Appellants | : | Court at No. 2293 EDA 2016 dated |
| | : | 11/9/17, reconsideration denied |
| | : | 1/12/18, vacating the judgment entered |
| v. | : | on 7/18/16 of the Lehigh County Court |
| | : | of Common Pleas, Civil Division, at No. |
| | : | 2014-C-0388 and remanding for a new |
| LEHIGH VALLEY HEALTH NETWORK, | : | trial |
| INC.; AND LEHIGH VALLEY HOSPITAL, | : | |
| | | ARGUED: April 9, 2019 |
| Appellees | | |

**DISSENTING OPINION**

**CHIEF JUSTICE SAYLOR**                    **DECIDED: September 26, 2019**

I respectfully dissent, since I would affirm the Superior Court's decision to remand for a fresh damages assessment.

The general rule, as pertained in most courts and still does in many today, is that when a jury returns a general verdict on multiple theories of liability, one of which is later found to be invalid, the verdict must be reversed and a new trial ordered. *See, e.g.*, *United N.Y. & N.J. Sandy Hook Pilots Ass'n v. Halecki*, 358 U.S. 613, 619, 79 S. Ct. 517, 520 (1959); *see also Chowdhury v. Worldtel Bangladesh Holding, Ltd.*, 746 F.3d 42, 50 (2d Cir. 2014) (collecting cases).[1] The reason is that the appellate courts lack the

---

[1] Confusingly, albeit that this common law principle is referred to as the "general verdict rule," some courts employ the same terminology to describe modified and contrary approaches. *See Plains Commerce Bank v. Long Family Land and Cattle Co.*, 910 F. (continued…)

ability to determine whether, or to what extent, the verdict was premised on the invalid theory. As the jurisprudence has evolved, however, many courts have "engrafted a . . . harmless error gloss onto that basic principle." *Id.* (quoting *Muth v. Ford Motor Co.*, 461 F.3d 557, 564 (5th Cir. 2006)).

This Court's decision in *Halper v. Jewish Family & Children's Service of Greater Philadelphia*, 600 Pa. 145, 963 A.2d 1282 (2009), appears to me to reflect a relatively strong variant of the harmless error approach. As the majority explains, *Halper* adopted the view that a general verdict can be sustained, even though one theory upon which the jury may have relied is unsupported by the evidence, when there is sufficient evidence to support another theory. *See id.* at 156-57, 963 A.2d at 1288-89; *accord Nimetz v. Cappadona*, 596 A.2d 603, 611 (D.C. Ct. App. 1991) (Farrell, J., concurring) ("[T]here is no unfairness in assuming that juries rest their conclusions on theories founded in the evidence."). Notably, however, some courts have been circumspect about assuming that errors are harmless without a more probing analysis. *See, e.g.*, *Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 21, 30 (1st Cir. 2004) ("The reality is that the degree of confidence that the jury picked a theory with adequate evidentiary support varies along a spectrum of situations."); *see also Mueller v. Hubbard Milling Co.*, 573 F.2d 1029, 1039 (8th Cir. 1978) (couching the appropriate test as entailing an assessment of whether the appellate court is "fairly convinced that the jury proceeded on the only sound ground").

Presently, from my perspective at least, the majority converts the strong harmless error rule of *Halper* into an even more potent waiver precept. Although some

---

(…continued)
Supp. 2d 1188, 1195 (D.S.D. 2012) (discussing the inconsistent use of the terminology). For clarification, the waiver precept presently adopted by the majority is referred to by many courts as the "two issue rule." *See id.*

other courts proceed in the same fashion, *see, e.g.*, *Todd v. S.C. Farm Bur. Mut. Ins. Co.*, 336 S.E.2d 472, 473-74 (S.C. 1985), this appears to be a minority approach (albeit that of a sizable minority). *See generally Plains Commerce Bank*, 910 F. Supp. 2d at 1195 (collecting cases). More importantly, there are material policy considerations associated with requiring litigants to structure verdict forms in a fashion that anticipates partial reversals on appeal. *See, e.g.*, *Gillespie*, 386 F.3d at 31 (explaining that "[i]n some cases special verdicts make sense but there may be others where using them, to a sufficient level of detail, is infeasible or otherwise undesirable"); *Plains Commerce Bank*, 910 F. Supp. 2d at 1195-96 (reasoning that the "'two issue' approach seems best suited for instances where the error in submission of one claim to a jury was harmless error that would not have affected a jury's general damage award and not for instances where the minds of the jurors would need to be plumbed to determine whether a general damage award would have been the same."). Although the majority's approach plainly promotes judicial efficiency, I have reservations about a *per se* rule faulting litigants for failing to make sometimes intricate predictive judgments about potential verdicts in multi-claim cases and to incorporate these into their proposals for special verdict forms. *Cf. Gillespie*, 386 F.3d at 31 ("[E]ither side in this case could have asked for the special verdict to further break down the [various theories]; [t]he issue is one of policy, *i.e.*, whether the court should create a rule that forfeits claims by an appellant that could have been isolated if either side had requested a better breakdown.").

Ultimately, I do not support the expansion of the *Halper* precept absent a more probing analysis of the range of fairness considerations. Moreover, any decision along these lines should, in my view, be prospective so that the rule is not imposed on litigants without clear advance notice. *Accord Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Markets, Inc.*, 617 Pa. 265, 288, 52 A.3d 1233, 1247 (2012) ("To

warrant the heavy consequence of waiver, in a rules schemata designed to 'secure the just, speedy and inexpensive determination' of disputes, the applicability of the Rule should be apparent upon its face or, failing that, in clear decisional law construing the Rule." (quoting Pa.R.C.P. No. 126)).