**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VICTOR FOGGIE,
Plaintiff-Appellant,

v.

No. 99-1821

EMHART POWERS MANUFACTURING
DIVISION-EMHART INDUSTRIES,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CA-98-1278-6-24)

Submitted: February 15, 2000

Decided: March 2, 2000

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephan R. H. Lewis, COVINGTON, PATRICK, HAGINS, STERN
& LEWIS, P.A., Greenville, South Carolina, for Appellant. William
M. Grant, Jr., Langdon Cheves, III, GRANT & LEATHERWOOD,
P.A., Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Victor Foggie appeals the district court's order granting summary judgment to Emhart Powers Manufacturing Division-Emhart Industries, Inc. ("Emhart") on Foggie's strict liability, breach of warranty, and negligence claims in this products liability action. We affirm.

Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof at trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. However, the non-moving party may not rely upon mere allegations. Rather his response must, with affidavits or other verified evidence, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The appellate standard of review of a grant of summary judgment is de novo. See Chisolm v. TranSouth Fin. Corp., 95 F.3d 331, 334 (4th Cir. 1996).

Under South Carolina law, a plaintiff in an action for strict liability must demonstrate "(1) that he was injured by the product; (2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and (3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user." Oglesby v. General Motors Corp., 190 F.3d 244, 251 (4th Cir. 1999) (quoting Allen v. Long Mfg. NC, Inc., 505 S.E.2d 354, 356 (S.C. App. 1998)). Similarly, to prove a breach of warranty claim, a plaintiff must demonstrate that the goods were defective "at the time the sale was completed." Oglesby, 190 F.3d at 251 (quoting Doty v. Parkway Homes Co., 368 S.E.2d 670, 671 (S.C. 1988)). And when pursuing recovery under a negligence theory, a

2

plaintiff must prove, in addition to the three conditions described under a strict liability cause of action, "proof that the manufacturer breached its duty to exercise reasonable care to adopt a safe design." Oglesby, 190 F.3d at 251 (quoting Allen, 505 S.E.2d at 356).

South Carolina has adopted the doctrine of comparative negligence in assessing damages in tort actions. See Nelson v. Concrete Supply Co., 399 S.E.2d 783 (S.C. 1991). South Carolina has modified the doctrine, however, such that the plaintiff's recovery is reduced by the percentage of fault proportioned to the plaintiff, as long as the plaintiff's fault is "not greater than" that of the defendant. See id. at 784. Accordingly, if a jury finds that a plaintiff is more than fifty percent at fault, the plaintiff recovers nothing. See id.

In this case, the district court granted Emhart's motion for summary judgment on the grounds that (1) Foggie failed to provide sufficient evidence that Emhart manufactured the machine that injured him; (2) assuming Foggie could provide sufficient evidence that Emhart manufactured the machine, Foggie failed to provide sufficient evidence to withstand summary judgment that the machine was in the same condition as it was when it was manufactured; and (3) with regard to Foggie's negligence theory, Foggie's own negligence, greater than that of Emhart's, was the proximate cause of his injury, thereby barring his claim under South Carolina law. (J.A. at 168-70). We have reviewed the formal briefs, the materials submitted in the joint appendix and supplemental joint appendix, and the transcript of the hearing on Emhart's motion for summary judgment, and agree with the district court's conclusions.

Accordingly, we affirm the district court's order granting Defendant's motion for summary judgment in this action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3