UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

O'NEAL FREE; ARLEAN A. FREE,
        *Plaintiffs-Appellants,*

v.

BONDO-MAR-HYDE CORPORATION,
        *Defendant & Third Party
                Plaintiff-Appellee,*

and

U. S. CAN COMPANY,
        *Third Party Defendant-
                Appellee.*

No. 01-2240

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Cameron McGowan Currie, District Judge.
(CA-00-636-1-22)

Submitted: December 12, 2001

Decided: January 10, 2002

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

### COUNSEL

O'Neal Free, Arlean A. Free, Appellants Pro Se. Ronald Brian Cox,
BOWERS, ORR & DOUGALL, Columbia, South Carolina; David

Patrick Dekle, Sonja Renee Tate, FULCHER, HAGLER, REED, HANKS & HARPER, Augusta, Georgia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

O'Neal and Arlean Free appeal the district court's order dismissing their products liability claim stemming from the explosion of an aerosol can of paint remover. Plaintiffs contend the district court abused its discretion in granting Defendants' motion in limine to exclude their expert's testimony and erred in granting Defendants' motion for summary judgment. Finding no error, we affirm.

This Court reviews an order granting summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only when, viewing the record as a whole, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The plaintiff has the burden of producing evidence that would support a jury verdict, even when the evidence is likely to be within the possession of the defendant, as long as the plaintiff had a full opportunity to conduct discovery. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Once the defendant has pointed out the absence of an essential element of plaintiff's case, the burden is on the plaintiff to make a sufficient showing to create a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A district court's decision to admit or exclude expert testimony is reviewed for abuse of discretion. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 200 (4th Cir. 2001) (citing *General Electric Co. v. Joiner*, 522 U.S. 136, 138-39 (1997)). In determining the admissibil-

ity of expert testimony, the district court must ensure the evidence is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). A reliable expert's opinion must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inference must be derived using scientific or other valid methods. *Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999). Reliability of specialized knowledge and methods for applying it to various circumstances may be indicated by testing, peer review, evaluation of rates of error, and general acceptability. *Id.* The proponent of expert testimony must establish its admissibility by a preponderance of proof. *Cooper*, 259 F.3d at 199.

We find the district court did not abuse its discretion in excluding the expert's testimony. The expert's opinion was based on his assumptions of what caused the can to explode rather than on scientific, technical, or other specialized knowledge. The expert appears to be an accomplished metallurgist, but he lacks knowledge of the aerosol can manufacturing process, the process of filling aerosol cans, the testing performed on cans during the manufacturing process prior to their distribution, the pressurization of the can, or the normal pressure expected of this type of can. Accordingly, he lacked the expertise necessary to determine (1) whether certain scratches on the interior of the can were defects or simply normal consequences of the manufacturing process and (2) whether those scratches actually caused the explosion. Because the expert's testimony is based merely on his belief and speculation and is therefore not reliable, the district court did not abuse its discretion in excluding his testimony.

Because Plaintiff's injury was sustained in South Carolina and filed in the federal district court of that state based upon diversity of citizenship, *see* 28 U.S.C. § 1332, we apply the substantive law of South Carolina to determine if summary judgment was proper. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Under South Carolina law, a plaintiff in a products liability action must demonstrate "(1) that he was injured by the product; (2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and (3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user." *Oglesby*, 190 F.3d at 251 (quoting *Allen v. Long Mfg. NC, Inc.*, 505 S.E.2d 354, 356 (S.C. App. 1998)). With-

out the expert's testimony, Plaintiffs cannot carry their burden of proof. Therefore, summary judgment in favor of the Defendants was properly granted.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*