585 S.E.2d 272

**Pamela C. CURCIO, as Personal Representative of the Estate of Dennis M. Turner, Petitioner,**

**v.**

**CATERPILLAR, INC., a/k/a Caterpillar Tractor Company, Respondent.**

**No. 25688.**

Supreme Court of South Carolina.

Heard Feb. 20, 2003.

Decided July 28, 2003.

Rehearing Denied Aug. 20, 2003.

B. Randall Dong, of Suggs & Kelly, P.A., David G. Owen, John D. Kassel, and John S. Nichols, of Bluestein & Nichols, all of Columbia, for Petitioner.

W. Frances Marion, Jr., of Haynsworth Sinkler Boyd, P.A., of Greenville, for Respondent.

Justice PLEICONES.

The circuit court set aside a jury verdict for petitioner in this products liability wrongful death action, and the Court of Appeals affirmed. *Curcio v. Caterpillar, Inc.*, 344 S.C. 266, 543 S.E.2d 264 (Ct.App.2001). We granted certiorari, and now reverse.[1]

## FACTS [2]

The deceased was killed while working on a track loader manufactured by respondent ("CAT"). Petitioner alleged two bases for her strict liability claim: (1) a design defect theory and (2) an inadequate warning theory. The jury returned a general verdict in the amount of $500,000 for petitioner on her strict liability claim.

Following the verdict, CAT moved for a judgment notwithstanding the verdict ("JNOV"). As to the design defect theory, CAT argued that the alternate design proposed by petitioner's expert would not have prevented the accident. CAT argued that it was entitled to a JNOV on the inadequate warning theory as well, contending the warning given was adequate as a matter of law. The trial judge issued an order ("JNOV order") holding that the warning was adequate as a matter of law, but finding that there was evidence to support the design defect theory. Accordingly, CAT's JNOV motion was denied.

CAT then filed a motion to reconsider the JNOV order. CAT argued that the finding in the JNOV order that the

---

1. We reinstate the jury award, subject to an unappealed order requiring a new trial on the issue whether petitioner was the common law wife of the deceased.

2. A full exposition of the facts and procedural history of this case can be found in the decision of the Court of Appeals.

warning was adequate precluded petitioner's recovery on the design defect theory as a matter of law. *See* S.C.Code Ann. §§ 15–73–10 and –30 (1976) (adopting Restatement (Second) of Torts § 402A and incorporating comments to § 402A as the legislative intent of the Chapter); *see, e.g. Allen v. Long Mfg. NC, Inc.,* 332 S.C. 422, 505 S.E.2d 354 (Ct.App.1998) ("If a warning is given which, if followed, makes the product safe for use, the product cannot be deemed defective or unreasonably dangerous."); *Anderson v. Green Bull, Inc.,* 322 S.C. 268, 471 S.E.2d 708 (Ct.App.1996) ("A product bearing a warning that the product is safe for use if the user follows the warning is neither defective nor unreasonably dangerous; therefore the seller is not liable for any injuries caused by the use of the product if the user ignores the warning"). The trial court agreed, and set aside the verdict.

Petitioner appealed, and the Court of Appeals held that the verdict was properly set aside on both theories. *Curcio v. Caterpillar, Inc., supra.*

## ISSUE

Was the verdict properly set aside?

## ANALYSIS

As explained below, we agree with Chief Judge Hearn's dissent and find that there was evidence to support the inadequate warning verdict. Since the jury returned a general verdict, we need find only that there was evidence to support either the inadequate warning theory or the design defect theory in order to reinstate that verdict. *Anderson v. South Carolina Dep't of Highways and Public Transportation,* 322 S.C. 417, 472 S.E.2d 253 (1996)(two issue rule applied to general verdict). Accordingly, we address only the warning evidence.

■ The majority of the Court of Appeals held that the JNOV on the warning theory should be upheld on a procedural ground. Specifically, it reviewed the trial court's JNOV order and extracted one sentence from that order: "Had the batteries been disconnected the accident would not have happened." The Court of Appeals' majority characterized this

sentence as constituting an "independent ground" [3] to support the JNOV on the warning theory. Since the majority found that petitioner had failed to challenge this "independent ground" on appeal, the Court of Appeals upheld the JNOV on the warning theory.

There is no question that CAT warned against working on the loader's engine without disconnecting the batteries first, and that had the batteries been disconnected, the accident would not have occurred. As Chief Judge Hearn correctly pointed out in her dissent, however, this explicit warning was contradicted by other instructions and warnings given by CAT. The trial court's observation, seized upon by the Court of Appeals' majority, is no doubt a true statement. It is not, however, dispositive of the issue before the trial judge when deciding the JNOV: Whether there was any evidence that the warnings, as a whole, were inadequate. The majority of the Court of Appeals erred in relying on this mere observation by the trial judge as an "independent ground" to uphold the JNOV on the warning theory.

Since the case comes before us on CAT's claim of entitlement to a directed verdict/JNOV, we review the facts in the light most favorable to Curcio. *Sabb v. South Carolina State Univ.,* 350 S.C. 416, 567 S.E.2d 231 (2002). In considering a JNOV, the trial judge is concerned with the existence of evidence, not its weight. When considering a JNOV, "neither [an appellate] court, nor the trial court has authority to decide credibility issues or to resolve conflicts in the testimony or the evidence." *Reiland v. Southland Equip. Serv., Inc.* 330 S.C. 617, 500 S.E.2d 145 (Ct.App.1998). The adequacy of a warning is generally a jury question. *See, Allen v. Long Mfg. NC, Inc., supra.* The jury's verdict must be upheld unless no evidence reasonably supports the jury's findings. *Horry County v. Laychur,* 315 S.C. 364, 434 S.E.2d 259 (1993).

Curcio's expert testified that, although the service manual stated that the batteries should be disconnected before any work is done on the loader, the manual also stated in various places that the engine "could be started" when the

---

**3.** *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 526 S.E.2d 716 (2000).

loader's cab is tilted in the 24 position. The expert also testified that the words crank, start, and run had different meanings, and were used with different meanings in the manual. We recognize that there was conflicting evidence, but note that the trial judge is concerned with the existence of evidence, not the weight of the evidence, or credibility of the witness.[4]

We have reviewed the record and agree with Chief Judge Hearn that the trial judge improperly weighed the evidence rather than merely considering its existence in granting CAT's JNOV motion on the inadequate warning theory. We therefore

REVERSE.

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.

---

4. E.g., in the JNOV Order, the trial judge stated that "[a]lthough not essential for purposes of this ruling, I note that Mr. Warren has absolutely no experience with heavy equipment. Conversely, all witnesses with such experience understood the term 'start' to include any notion that the engine was to be 'turned-over' by the electrical starter motor."