613 S.E.2d 378

**Grace G. PITTMAN, Appellant,**

v.

**Keith STEVENS, M.D., Respondent,**

**and**

**Franklin L. Pittman, Appellant,**

v.

**Keith Stevens, M.D., Respondent.**

**No. 25984.**

Supreme Court of South Carolina.

Heard March 1, 2005.
Decided May 9, 2005.

338

James C. Cothran, Jr., of Spartanburg, and Michael L. Rudasill, of Lawrence & Rudasill, P.A., of Spartanburg, for Appellants.

Andrew F. Lindemann, of Davidson, Morrison & Lindemann, P.A., of Columbia; and Edwin Brown Parkinson, Jr., of Devlin & Parkinson, P.A., of Greenville, for Respondent.

Justice WALLER.

This case is a medical malpractice case. The jury returned a verdict for the doctor. The trial court denied the appellants' motion for a new trial on the ground the trial court's erroneously failed to charge two requested jury instructions. We affirm.

## FACTS

In June 1998, appellant Franklin Pittman underwent back surgery. The respondent Dr. Keith Stevens was the anesthesiologist. The surgery required that Pittman, a morbidly obese diabetic, be placed in a prone position for approximately four hours. Because of a previous cervical surgery and Pittman's other health conditions, he was more at risk for developing lesions or ulcers at pressure points. To help relieve pressure points during the surgery, Dr. Stevens placed a gel pad under Pittman's face.

Following the surgery, however, Pittman developed a lesion on his forehead—similar to a blister. Although the skin lesion eventually healed, he alleges he suffered nerve damage. Pittman testified that he has constant headaches along with "lightning strikes" or very sharp pains and his head is very sensitive. He brought this action against Dr. Stevens alleging negligence. Pittman's wife brought a loss of consortium claim.

## ISSUE

Did the circuit court err in failing to charge
two requested jury instructions?

## DISCUSSION

At the jury charge conference, Pittman requested two jury instructions, referred to as requested charges Numbers 7 and 8:

Request to Charge No. 7

While evidence of ordinary practice or the uniform custom of persons in similar circumstances is to be weighed and considered with other circumstances in determining whether ordinary care has been exercised, conformity to custom is not in and of itself the exercise of due care as a matter of law.

Request to Charge No. 8

If there is a great degree of danger present, then there is a greater duty of care to prevent injury to other persons. When there is a risk of substantial danger present, and the symptoms of the patient are considered with such a risk, then the physician has a duty to respond in proportion to the risk. The greater the risk of the condition to the patient, the greater the duty of the physician to respond appropriately and to provide the appropriate treatment.

The trial judge stated he would cover these requested charges. After the trial judge had charged the jury, the appellants informed the judge that the requested charge Numbers 7 and 8 had not been included. After commenting on the lack of specific authority to support these requested charges, the trial judge ruled that the charge as a whole was fair. After the jury returned a verdict for the doctor, the appellants moved for a new trial on the ground that the trial judge failed to charge the requested charges. The trial judge denied the motion and stated that he thought his general charge adequately covered the requested charges.

The trial judge is required to charge only the current and correct law of South Carolina. *McCourt v. Abernathy*, 318 S.C. 301, 305, 457 S.E.2d 603, 606 (1995). When reviewing a jury charge for alleged error, an appellate court must consider the charge as a whole in light of the evidence and issues presented at trial. *Welch v. Epstein*, 342 S.C. 279, 311, 536 S.E.2d 408, 425 (Ct.App.2000) (citing *Keaton ex rel. Foster v. Greenville Hosp. Sys.*, 334 S.C. 488, 514 S.E.2d 570 (1999)). A trial court's refusal to give a properly requested charge is reversible error only when the requesting party can demonstrate prejudice from the refusal. *Vogt v. Murraywood Swim & Racquet Club*, 357 S.C. 506, 512, 593 S.E.2d 617 (Ct.App.2004).

We first note that the appellants cite no case law either from South Carolina or any other jurisdiction to support either of these requested charges. The appellants cite to section 27–2 of Judge Ralph King Anderson Jr.'s *South Carolina Request to Charge.* As noted by the trial judge, the requested charges are two paragraphs out of a charge that covers 4½ pages in Judge Anderson's book. The entire charge is then followed by a list of authorities which purports to support the charge. It is not apparent which authorities support the specific paragraphs which the appellants requested the trial court charge.

As to Charge Number 7, the appellants do not cite to any South Carolina case law. In fact, there is actually a South Carolina case directly contrary to requested charge Number 7. In *Doe v. Am. Red Cross Blood Serv.,* 297 S.C. 430, 435, 377 S.E.2d 323, 326 (1989), the Court answered several certified questions in a case involving the standards used by blood banks and the spread of HIV/AIDs through contaminated blood. One of the issues was whether the blood banks were negligent in failing to screen for HIV even though at that time the customary practice was not to screen. The Court held:

> in a professional negligence cause of action, the standard of care that the plaintiff must prove is that the professional failed to conform to the generally recognized and accepted practices in his profession. If the plaintiff is unable to demonstrate that the professional failed to conform to the generally recognized and accepted practices in his profession, *then the professional cannot be found liable as a matter of law.*

*Id.* at 435, 377 S.E.2d at 326 (emphasis added). The Court specifically deferred "to the collective wisdom of a profession, *such as physicians,* dentists, ophthalmologists, accountants and any other profession which furnishes skilled services for compensation." *Id.* (emphasis added).[1] Request Number 7 states "conformity to custom is not in and of itself the exercise of due care as a matter of law." Request Number 7 is directly contrary to the Court's holding in *Doe.* Accordingly, the trial

---

1. Apparently, South Carolina is in the minority of the jurisdictions which have ruled on this issue. *See* Philip G. Peters, *The Quiet Demise of Deference to Custom: Malpractice Law at the Millenium,* 57 Wash. & Lee L.Rev. 163 (2000).

judge did not err in failing to charge this proposed jury instruction.

■ As for Request Number 8, Dr. Stevens contends the issue is not preserved because the appellants alleged error only as to charge number 7 in their Amended Notice of Appeal. We disagree. In their Amended Notice of Appeal, the appellants specifically state they are appealing the trial court's denial of their "motion for a new trial and the court's order refusing the [appellants'] request to charge number 7." The appellants' motion for a new trial was made on the ground that the trial judge failed to charge both requested jury charges and the Statement of the Issue on appeal encompasses both requests. While the Amended Notice of Appeal does not specifically refer to charge Number 8, it complies with Rule 203(e), SCACR, and the example set out in the appendix[2] and clearly the appellants' notice was adequate to inform Dr. Stevens that the appellants were appealing the trial court's denial of the new trial motion. *See Henson v. Int'l Paper Co.*, 358 S.C. 133, 142, 594 S.E.2d 499, 503 (Ct.App.2004)(holding the issue statement encompassed the argument).

As to the merits, Request Number 8 is a general negligence law principle and there is no South Carolina case law supporting its application in a medical malpractice action. Furthermore, we found only one case from another jurisdiction discussing this issue, *Hinkle v. Cleveland Clinic Found.*, 159 Ohio App.3d 351, 823 N.E.2d 945 (2004). In *Hinkle,* the court held the trial court's failure to charge the "greater danger" instruction was not error.[3] The court also noted that it could "find no case law to support the proposed jury instruction in a medical malpractice case." *Id.* at 960.

2. The following is the entire body of the example notice set out in the appendix of Rule 203(e): "Jane C. Roe appeals the order [judgment] of the Honorable George E. Brown dated September 1, 2000. Appellant received written notice of entry of this order [judgment] on September 3, 2000."

3. Although the Ohio instruction is not exactly like the proposed one in this case, it stands for the same principle. It reads, in pertinent part: "GREATER DANGER. The amount of care increases in proportion to the danger that reasonably should be foreseen." 1 OJI 7.10 (2004).

This type of instruction has been questioned in general negligence actions because the amount of care in relation to the degree of danger is encompassed in the appropriate standard of care which is determined by the facts of each case. *See Stewart v. Motts,* 539 Pa. 596, 654 A.2d 535 (1995)(holding the highest degree of care practicable is simply another way of phrasing a standard of reasonable or ordinary care under the circumstances). Furthermore, this instruction is even more inappropriate in a medical malpractice case. Every medical decision encompasses varying degrees of danger. Thus, the trial court did not err in failing to charge the jury Request Number 8.

Based on the foregoing, we conclude the trial court did not err in failing to charge the jury the two requested instructions. We remind the bench and the bar that while treatises and other scholarly works are useful research tools, it is necessary to review controlling case law for the current and correct jury charges.

**AFFIRMED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.