THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Merrill DeWitt, Respondent,
 v.
 Charleston Gas Light, Inc. and Debra M. McKinley,
 Individually and d/b/a Charleston Gas Light, Inc., Defendants,
 Of Whom
 Charleston Gas Light, Inc. is the Appellant.
 
 
 

Appeal From Charleston County
 Thomas L. Hughston, Circuit Court Judge

Unpublished Opinion No. 2008-UP-607
 Submitted November 3, 2008  Filed
November 6, 2008

AFFIRMED

 
 
 
 Allan R. Holmes, of Charleston, for Appellant.
 Alan D. Toporek, of Charleston, for Respondent.
 
 
 

PER CURIAM:  In this breach of
 employment contract action, Debra McKinley argues the trial court erred in
 failing to grant her motion for directed verdict based on her good faith belief
 that cause existed to terminate Merrill DeWitts employment.  Additionally,
 McKinley argues she should be afforded a new trial, and she contends a rule
 requiring only a good faith belief in cause for termination should apply to all
 employment contracts, not only unilateral contracts.  We affirm pursuant to
 Rule 220(b), SCACR, and the following authorities:
1.  As to the
 question of whether the trial court erred in denying McKinleys motions for directed
 verdict and judgment notwithstanding the verdict (JNOV):  McMillan v. Oconee Meml Hosp., Inc., 367 S.C. 559, 564, 626 S.E.2d 884, 886 (2006) and Curcio v. Caterpillar, Inc., 355 S.C. 316, 320, 585 S.E.2d 272, 274 (2003)
 (both holding when reviewing a circuit
 courts ruling on a directed verdict or JNOV, this court will reverse the
 ruling only when no evidence supports the ruling); Connor v. City of Forest Acres, 348 S.C. 454, 464, 560 S.E.2d 606, 611 (2002)
 (The appropriate test on the issue of breach is as follows: If the fact
 finder finds a contract to terminate only for cause, he must determine
 whether the employer had a reasonable good faith belief that sufficient
 cause existed for termination.) (internal quotations omitted) (first emphasis
added).
2.  As to whether
 the trial court erred in denying McKinleys request for a new trial based on
 the jurors failure to comply with the trial courts jury instructions:  In
 re Michael H., 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) (An issue may
 not be raised for the first time on appeal.  In order to preserve an issue for
 appeal, it must be raised to and ruled upon by the trial court.); Lucas v.
 Rawl Family Ltd. Pship, 359 S.C. 505, 510-11, 598 S.E.2d 712, 715 (2004)
 (It is well settled that, but for a very few exceptional circumstances, an
 appellate court cannot address an issue unless it was raised to and ruled upon
by the trial court.).  
3. 
 As to whether the rule requiring only a reasonable good faith belief in cause
 for termination should apply to all employment contracts, not just unilateral
 contracts:  In re Michael H., 360 S.C. at 546, 602 S.E.2d at 732 (An
 issue may not be raised for the first time on appeal.  In order to preserve an
 issue for appeal, it must be raised to and ruled upon by the trial court.); Lucas
 v. Rawl Family Ltd. Pship, 359 S.C. at 510-11, 598 S.E.2d at 715 (It is
 well settled that, but for a very few exceptional circumstances, an appellate
 court cannot address an issue unless it was raised to and ruled upon by the
 trial court.).
AFFIRMED.
ANDERSON, HUFF, and
 THOMAS, JJ., concur.