**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Robert W. Edwards, Jr., Appellant,

v.

Linda N. Jordan, Respondent.

Appellate Case No. 2012-211394

---

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-449
Submitted September 30, 2013 – Filed December 11, 2013

---

**AFFIRMED**

---

William B. Darwin, Jr., of Holcombe Bomar, PA, of Spartanburg, for Appellant.

James Victor McDade, of Doyle Tate & McDade, PA, of Anderson, for Respondent.

---

**PER CURIAM:** In this negligence and gross negligence case arising from personal injuries sustained on Linda Jordan's property, Robert Edwards appeals, arguing the trial court erred in: (1) charging the jury on the issues of comparative negligence and open and obvious condition because Jordan abandoned them at trial

by failing to present any evidence to support the charges; (2) declining to grant his motion for a directed verdict and motion for judgment notwithstanding the verdict (JNOV) because Jordan presented no evidence supporting jury charges on comparative negligence or open and obvious condition; and (3) denying his alternative motions for new trial *nisi additur* and new trial absolute because he presented evidence of his pain and suffering, and the verdict amount was insufficient and grossly inadequate. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in charging the jury on the issues of comparative negligence and open and obvious condition, we find there was evidence in the record regarding these issues, and therefore, the court correctly charged the jury accordingly: *Magnolia N. Prop. Owners' Ass'n, Inc. v. Heritage Cmtys., Inc.*, 397 S.C. 348, 362, 725 S.E.2d 112, 120 (Ct. App. 2012) (holding the trial court need only charge the current and correct law of South Carolina); *Hennes v. Shaw*, 397 S.C. 391, 402, 725 S.E.2d 501, 507 (Ct. App. 2012) ("In reviewing an alleged error in jury instructions, we are mindful that an appellate court will not reverse the [trial] court's decision absent an abuse of discretion."); *Cole v. Raut*, 378 S.C. 398, 404, 663 S.E.2d 30, 33 (2008) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or is not supported by the evidence."); *Hennes*, 397 S.C. at 402, 725 S.E.2d at 507 (stating that in our review, this court must consider the trial court's jury charge as a whole in light of the evidence and issues presented at trial); *Pittman v. Stevens*, 364 S.C. 337, 340, 613 S.E.2d 378, 380 (2005) ("A trial court's refusal to give a properly requested charge is reversible error only when the requesting party can demonstrate prejudice from the refusal."); *Hennes*, 397 S.C. at 402, 725 S.E.2d at 507-08 ("If the charges are reasonably free from error, isolated portions that might be misleading do not constitute reversible error."); *Magnolia N. Prop. Owners' Ass'n*, 397 S.C. at 363, 725 S.E.2d at 120 ("A jury charge that is substantially correct and covers the law does not require reversal."); *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 245, 399 S.E.2d 783, 784 (1991) (stating that under comparative negligence "a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant").

2. As to the denial of his motion for a directed verdict and motion for JNOV: *Hurd v. Williamsburg Cnty.*, 363 S.C. 421, 429, 611 S.E.2d 488, 492 (2005) ("The determination of respective degrees of negligence attributable to the plaintiff and the defendant presents a question of fact for the jury, at least where conflicting inferences may be drawn."); *id.* ("In a comparative negligence case, the trial court

should grant a motion for [a] directed verdict if the sole reasonable inference from the evidence is that the non-moving party's negligence exceeded fifty percent."); *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 15, 567 S.E.2d 881, 888 (Ct. App. 2002) (holding that when reviewing the denial of a motion for a directed verdict, this court views the evidence and all reasonable inferences in the light most favorable to the nonmoving party); *id.* (providing a motion for a directed verdict is properly granted if the evidence as a whole is susceptible of only one reasonable inference); *id.* (stating that when ruling on a motion for a directed verdict, the trial court is concerned only with the existence or non-existence of evidence, and this court will only reverse the trial court when there is no evidence to support the ruling below); *Curcio v. Caterpillar, Inc.*, 355 S.C. 316, 320, 585 S.E.2d 272, 274 (2003) (noting that when considering a motion for JNOV, the trial court is concerned with the existence of evidence, not its weight); *id.* (finding that neither this court, nor the trial court, has authority to decide credibility issues or to resolve conflicts in the testimony or the evidence, and the jury's verdict must be upheld unless no evidence reasonably supports the jury's findings).

3.      As to the denial of his alternative motions for new trial *nisi additur* and new trial absolute:  *Camden v. Hilton*, 360 S.C. 164, 174, 600 S.E.2d 88, 93 (Ct. App. 2004) ("In South Carolina, an appellate court must uphold a jury verdict if it is possible to reconcile its various features."); *id.* ("Furthermore, '[a] jury verdict should be upheld when it is possible to do so and carry into effect the jury's clear intention.'" (quoting *Johnson v. Parker*, 279 S.C. 132, 135, 303 S.E.2d 95, 97 (1983))); *Waring v. Johnson*, 341 S.C. 248, 256, 533 S.E.2d 906, 910 (Ct. App. 2000) ("When the jury's verdict is inadequate or excessive, the trial judge has the discretionary power to grant a new trial *nisi*."); *id.* ("Compelling reasons, however, must be given to justify invading the jury's province in this manner."); *id.* ("The grant or denial of a motion for a new trial *nisi* rests within the discretion of the trial judge and his decision will not be disturbed on appeal unless his findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law."); *id.* at 257, 533 S.E.2d at 911 ("This [c]ourt has the duty to review the record and determine whether there has been an abuse of discretion amounting to an error of law." ); *Vinson v. Hartley*, 324 S.C. 389, 405, 477 S.E.2d 715, 723 (Ct. App. 1996) ("The grant or denial of new trial motions rests within the discretion of the trial judge and his decision will not be disturbed on appeal unless his findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law."); *id.* at 404, 477 S.E.2d at 723 ("The trial judge must grant a new trial absolute if the amount of the verdict is grossly inadequate or excessive so as to shock the conscience of the court and clearly indicates the figure

reached was the result of passion, caprice, prejudice, partiality, corruption or some other improper motives."); *id.* at 404-05, 477 S.E.2d at 723 ("The failure of the trial judge to grant a new trial absolute in this situation amounts to an abuse of discretion and on appeal this Court will grant a new trial absolute."); *Youmans ex rel. Elmore v. S.C. Dep't of Transp.*, 380 S.C. 263, 271, 670 S.E.2d 1, 4 (Ct. App. 2008) ("'Upon review, a trial judge's order granting or denying a new trial will be upheld unless the order is 'wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law.'" (quoting *Norton v. Norfolk S. Ry. Co.*, 350 S.C. 473, 479, 567 S.E.2d 851, 854 (2002))); *id.* (providing this court's review is limited to consideration of whether evidence exists to support the trial court's ruling).

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.