HILL, J.:
After she was fired by the National Honorary Beta Club (Beta Club), a jury awarded Denise Parker actual damages for breach of contract and punitive damages for breach of contract accompanied by a fraudulent act. Beta Club now appeals the trial court's denial of its directed verdict and JNOV motions, asserting there was not sufficient evidence of breach of contract accompanied by a fraudulent act to submit punitive damages to the jury. We affirm.
I.
Denise Parker had been employed at will by Beta Club for thirty-eight years, when Bob Bright arrived as CEO in 2013. Bright reorganized the company, reassigning various employees, including Parker. Parker's co-workers elected her to a staff-liaison committee reporting to Beta Club's Internal Affairs Committee (IAC), which included several members of the company's board of directors. On October 21, 2013, Bright summoned Parker to a meeting to give her a disciplinary note listing concerns about her professionalism. When Parker pressed Bright for a specific example of her shortcomings, Bright responded he could "bring the whole office staff down here" to give instances where Parker had not been helpful to them. He mentioned that just that morning, Parker did not perform a task requested by Barbara Anderson. Parker left the meeting shaken, and soon saw Anderson, who asked what was wrong. When Parker apologized to Anderson for not doing what Anderson had asked, Anderson replied she did not know what Parker was talking about. Parker explained Bright had told her she had not done what Anderson asked her to do; Anderson assured her she had.
On October 25, 2013, during the IAC's regular meeting with the staff-liaison committee, a board member asked Parker about her recent meeting with Bright. After a member of the IAC told Parker she could not be fired for answering its questions, she revealed details of her meeting, including Bright's allegation about the Barbara Anderson incident. Bright was not present at the IAC meeting, and he was out of town the next week. Bright met with Parker the following Monday, November 4, and handed her another disciplinary note, stating she was negative and failed to respond to emails. When Bright asserted he understood Parker had been negative with the IAC, she explained she had only answered the IAC's questions and the IAC had told her she had to answer and could not be fired for doing so. As to the emails, Parker declared the only ones she did not answer were either spam or UPS notifications requiring no action. At the end of the meeting, Bright fired Parker. Parker testified Jay Moore, Beta Club's technology director, later informed her he had repeatedly told Bright the only emails she had not responded to were spam.
Parker sued Beta Club for breach of contract and breach of contract accompanied by a fraudulent act. A jury awarded her $518,006.00 in actual damages and $350,000.00 in punitive damages.
II.
We recognize Beta Club contested much of Parker's evidence. In reviewing the denial of a directed verdict/JNOV motion, however, we cannot weigh the evidence or pass on credibility; our sole task is deciding whether, reviewing the record in the light most favorable to Parker, any evidence reasonably supports the jury's verdict. See Curcio v. Caterpillar, Inc. , 355 S.C. 316, 320, 585 S.E.2d 272, 274 (2003).
The jury's verdict carried with it an implicit finding that Beta Club's promise to Parker that she could not be fired for answering the *771 IAC's questions altered her at-will employment, creating a contract that was breached when Bright fired her for that very reason. Beta Club has not appealed the verdict that it breached Parker's contract. Instead, it contends the evidence was insufficient to enable the jury to find the breach of contract was accompanied by a fraudulent act, on which the punitive damages award depends.
Synthesizing cases going back to 1904, Judge Bell summarized what proof entitles a party to recover punitive damages for breach of contract accompanied by a fraudulent act:
(1) A breach of contract. In the absence of a breach of contract, the plaintiff's proper cause of action will generally be for fraud in the inducement.
(2) Fraudulent intent relating to the breaching of the contract and not merely to its making. Fraudulent intent is normally proved by circumstances surrounding the breach.
(3) A fraudulent act accompanying the breach. The fraudulent act may be prior to, contemporaneous with, or subsequent to the breach of contract, but it must be connected with the breach itself and cannot be too remote in either time or character.
Floyd v. Country Squire Mobile Homes, Inc. , 287 S.C. 51, 53-54, 336 S.E.2d 502, 503-04 (Ct. App. 1985) (citations omitted).
The jury's breach of contract verdict satisfies the first element, so we are only concerned with the remaining two: whether Parker proved a fraudulent intent relating to the breach and a fraudulent act accompanying it. Before we discuss whether Parker met these elements, it is necessary to explain we define fraud in this context broadly:
Fraud assumes so many hues and forms, that courts are compelled to content themselves with comparatively few general rules for its discovery and defeat, and allow the facts and circumstances peculiar to each case to bear heavily upon the conscience and judgment of the court or jury in determining its presence or absence.
Sullivan v. Calhoun , 117 S.C. 137, 139, 108 S.E. 189, 189 (1921) (quoting 12 R. C. L. 229).
Beta Club argues that because Bright did not know of Parker's newly formed employment contract, he could not have fraudulently intended to breach it. We find the premise of this argument faulty. The jury heard evidence that Parker told Bright about the IAC's promise to her before he fired her, which was enough evidence for them to find Bright thereafter developed fraudulent intent (or decided to continue the scheme he started on October 21) connected to the later breach. And of course, principles of agency law (with which the jury was charged) allowed them to impute knowledge of Bright's previous conduct to Beta Club.
Fraudulent intent may, and often must, be proven circumstantially from the factors surrounding the breach. Floyd , 287 S.C. at 54, 336 S.E.2d at 503-04. Evidence of a dishonest design or devious scheme satisfies the fraudulent intent element, and such conduct could have originated before-and continued after-the contract was formed. The jury was presented abundant evidence of Bright's plan to oust Parker based on false pretenses. The credibility of the evidence was up to them, and they could have found Bright's scheme odious. Beta Club maintains that Bright's conduct preceding the November 4 meeting is immaterial, as Bright had no knowledge of Parker's contract before that date. We do not believe the evidence can be so neatly parsed. Motive may be irrelevant to a pure breach of contract action, but it can be used to show fraudulent intent. Edens v. Goodyear Tire & Rubber Co. , 858 F.2d 198, 203 (4th Cir. 1988). The motive to trump up charges against Parker did not end when the contract was formed (it just became actionably devious) and bears on whether Bright fraudulently intended to breach her contract.[1]
*772 Even if Beta Club breached the contract with a willful or fraudulent purpose in mind, it would not be liable for breach of contract accompanied by a fraudulent act unless Parker proved a fraudulent act accompanied the breach. Floyd , 287 S.C. at 54, 336 S.E.2d at 504. Inherent in the jury's verdict is a finding that Beta Club breached the contract, which means the jury found Bright's proffered reasons for firing Parker were false and pretextual, and she was fired for answering the board's questions. Beta Club contends that giving a false excuse for breaching a contract is not enough, by itself, to meet the elements. It maintains the fraudulent act-the pretext-also constituted the breach and, consequently, there was no separate fraudulent act that "accompanied" the breach. We disagree. The breach occurred when Beta Club fired Parker for answering the IAC's questions. Had Bright told Parker she was being fired for that reason, she would have been limited to actual damages for breach of contract. When he chose to fire her and deceive her as to the reasons, he committed a fraudulent act entitling Parker to punitive damages. The record contains testimony that Bright's use of the email issue was a charade. This was enough to support the jury's finding of a fraudulent act, which could have also been based on his ruse involving Barbara Anderson and his diversionary attack on the "professionalism" of a veteran employee respected by her peers. See Floyd , 287 S.C. at 54, 336 S.E.2d at 504 (fraudulent act may precede the breach if it is connected with the breach and not too remote).
In Conner v. City of Forest Acres , an employee sued the City of Forest Acres for breach of contract accompanied by a fraudulent act after her termination. 348 S.C. 454, 460, 465-66, 560 S.E.2d 606, 609, 612 (2002). The trial court granted summary judgment to the City. Id. at 457, 560 S.E.2d at 607. However, our Supreme Court found a genuine issue of material fact, stating:
Conner contends that the City and its agents committed numerous fraudulent acts in connection with her termination. Primarily, however, Conner's claim is that the City fabricated pretextual reasons for Conner's termination knowing the reasons were false and did not justify termination for cause. Viewing the evidence in the light most favorable to Conner, as we must, we find there is a genuine issue of material fact as to whether the City fraudulently breached its contract.
Id . at 466, 560 S.E.2d at 612.
We find Conner dispositive. The record contains ample evidence of fraudulent intent and fraudulent acts. The trial court's denial of the directed verdict motion and well-reasoned order denying Beta Club's motion for JNOV are
AFFIRMED .
SHORT and THOMAS, JJ., concur.

Parker contends Beta Club's fraudulent intent arguments were not preserved. Beta Club sufficiently raised the issue of lack of evidence of fraudulent intent at trial, and even specifically raised its argument on the relationship of Bright's lack of knowledge of the contract to Beta Club's lack of fraudulent intent at the close of Beta Club's case. The trial court ruled on this issue when it denied the motion for a directed verdict. We find the issue preserved. S.C. Dep't of Transp. v. First Carolina Corp. of S.C ., 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (delineating four requirements for issue preservation).