**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Jeffrey Jack Dauer, Appellant.

Appellate Case No. 2020-000533

———————

Appeal From York County
William A. McKinnon, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-030
Submitted January 1, 2023 – Filed February 1, 2023

———————

**AFFIRMED**

———————

Daniel Dominic D'Agostino, of D'Agostino Law Firm, of
York, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia, and Solicitor Kevin Scott Brackett, of York,
for Respondent.

———————

**PER CURIAM:** Jeffrey Jack Dauer appeals his conviction for indecent exposure
and sentence to three years' imprisonment suspended upon completion of three
years' probation. On appeal, Dauer argues the trial court erred by (1) denying his

motion for a directed verdict, (2) denying his motion to strike non-responsive testimony about his alleged state of mind, and (3) denying his request to instruct the jury on the definition of "indecent."  We affirm.

1.  We hold the trial court did not err by denying Dauer's motion for a directed verdict because the State presented either direct or substantial circumstantial evidence of each element of the offense of indecent exposure.  *See State v. Harry*, 420 S.C. 290, 298, 803 S.E.2d 272, 276 (2017) ("In reviewing the denial of a motion for a directed verdict, [the appellate court] must view the evidence in a light most favorable to the State."); *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004) ("If there is . . . substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.").

2.  We hold any error by the trial court in overruling Dauer's objection to Stephanie Jarrett's testimony that Dauer "made sure [she] could see [his penis]" was harmless because there was other evidence presented at trial from which the jury could reasonably have found that Dauer acted "willfully and maliciously."  *See State v. Brewer*, 411 S.C. 401, 408, 768 S.E.2d 656, 660 (2015) ("The '[i]mproper admission of . . . testimony constitutes reversible error only when the admission causes prejudice.'" (quoting *State v. Jennings*, 394 S.C. 473, 478, 716 S.E.2d 91, 93 (2011))).

3.  We hold Dauer did not waive his request for a jury instruction on the definition of "indecent."  *See State v. Johnson*, 333 S.C. 62, 64 n.1, 508 S.E.2d 29, 30 n.1 (1998) ("[W]here a party requests a jury charge and, after opportunity for discussion, the trial judge declines the charge, it is unnecessary, to preserve the point on appeal, to renew the request at conclusion of the court's instructions."). Nevertheless, we hold the trial court did not err by denying Dauer's request to the instruct the jury on the definition of "indecent."  *See State v. Marin*, 415 S.C. 475, 482, 783 S.E.2d 808, 812 (2016) ("[T]he trial court is required to charge only the current and correct law of South Carolina." (alteration in original) (quoting *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011))); *State v. Brown*, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App. 2004) ("To warrant reversal, a trial [court]'s refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *Stephens v. CSX Transp., Inc.*, 415 S.C. 182, 197, 781 S.E.2d 534, 542 (2015) ("A trial court's refusal to give a properly requested charge is reversible error only when the requesting party can demonstrate prejudice from the refusal." (quoting *Pittman v. Stevens*, 364 S.C. 337, 340, 613 S.E.2d 378, 380 (2005))).

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.