**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Henry Brewington, Individually and d/b/a Levelz Bar & Grill, Respondent,

v.

City of Myrtle Beach, Appellant.

Appellate Case No. 2021-000756

———————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-197
Heard November 8, 2023 – Filed May 29, 2024

———————

**AFFIRMED**

———————

Michael Warner Battle, of Battle Law Firm, LLC, of Conway, for Appellant.

Tucker S. Player, of Player Law Firm, LLC, of Chapin, and Thomas Casey Brittain, of The Brittain Law Firm, P.A., of Myrtle Beach, for Respondent.

———————

**PER CURIAM:** The City of Myrtle Beach (the City) appeals a jury verdict in favor of Henry Brewington, individually and d/b/a Levelz Bar & Grill, for tortious interference with a contract. The City argues the circuit court erred in (1) denying

its motions for a directed verdict and judgment notwithstanding the verdict (JNOV) and (2) declining to give a requested jury charge. We affirm.

1. Viewing the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party, we find the circuit court correctly denied the City's motions for directed verdict and JNOV because Brewington presented evidence necessary to satisfy the elements of tortious interference with contract. *See Camp v. Springs Mortg. Corp.*, 310 S.C. 514, 517, 426 S.E.2d 304, 305 (1993) ("The elements of a cause of action for tortious interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages."). The circuit court then properly allowed the jury to resolve credibility issues or conflicts in the testimony and other evidence presented. *See Gastineau v. Murphy*, 331 S.C. 565, 568, 503 S.E.2d 712, 713 (1998) ("In deciding a motion for JNOV, the evidence and all reasonable inferences must be viewed in the light most favorable to the nonmoving party; if more than one inference can be drawn, the case must be submitted to the jury."); *Curcio v. Caterpillar, Inc.*, 355 S.C. 316, 320, 585 S.E.2d 272, 274 (2003) ("In considering a JNOV, the trial judge is concerned with the existence of evidence, not its weight. When considering a JNOV, 'neither [an appellate] court, nor the trial court has authority to decide credibility issues or to resolve conflicts in the testimony or the evidence.'" (alteration in original) (quoting *Reiland v. Southland Equip. Serv., Inc.*, 330 S.C. 617, 634, 500 S.E.2d 145, 154 (Ct. App. 1998), *abrogated on other grounds by Webb v. CSX Transp., Inc.*, 364 S.C. 639, 615 S.E.2d 440 (2005)); *Burns v. Universal Health Servs., Inc.,* 361 S.C. 221, 232, 603 S.E.2d 605, 611 (Ct. App. 2004) ("The appellate court will reverse the trial court's ruling on a JNOV motion only when there is no evidence to support the ruling or where the ruling is controlled by an error of law.").

2. The circuit court properly charged the jury with the current and correct law of South Carolina regarding tortious interference with contract. *See Camp*, 310 S.C. at 517, 426 S.E.2d at 305 ("The elements of a cause of action for tortious interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages."); *Hennes v. Shaw*, 397 S.C. 391, 402, 725 S.E.2d 501, 507 (Ct. App. 2012) ("In reviewing an alleged error in jury instructions, we are mindful that an appellate court will not reverse the circuit court's decision absent an abuse of discretion."); *Cole v. Raut*, 378 S.C. 398, 404, 663 S.E.2d 30, 33 (2008) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or is not supported by the evidence."); *Pittman v.*

*Stevens*, 364 S.C. 337, 340, 613 S.E.2d 378, 379 (2005) ("The trial judge is required to charge only the current and correct law of South Carolina."); *Hennes*, 397 S.C. at 402, 725 S.E.2d at 507 (reiterating that the appellate court must consider the trial court's charge "as a whole in light of the evidence and issues presented at trial"); *Brown v. Stewart*, 348 S.C. 33, 53, 557 S.E.2d 676, 686 (Ct. App. 2001) ("It is not error to refuse a request to charge when the substance of the request is included in the general instructions."); *Pittman*, 364 S.C. at 343, 613 S.E.2d at 381 (reminding the bench and bar "that while treatises and other scholarly works are useful research tools, it is necessary to review controlling case law for the current and correct jury charges").

**AFFIRMED.**

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**